In re Estate of Emanuel Neidig, deceased. Appeal of H. M. Rupley.

*Decedents' estates—Appointment of administrator—Revocation of letters —Decree of court directing to whom register shall issue letters.*

Where the register of wills has issued letters of administration to one who was nominated by persons who were not the next of kin of the decedent, it is proper for the orphans' court, on the petition of the next of kin, to revoke the letters granted, and direct the register to issue letters to the person nominated by the petitioner.

Argued Oct. 14, 1897. Appeal, No. 264, Jan. T., 1897, by H. M. Rupley, from decree of O. C. Cumberland Co., revoking letters of administration. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from register of wills.

BIDDLE, P. J., filed the following opinion:

Emanuel Neidig, an aged bachelor of Silver Spring township, died on the morning of Saturday, March 20, 1897, at the house of one of his tenants, with whom he was then making his home. Upon the evening of the same day Mrs. Elizabeth Givler and Mrs. Anna E. Silvius executed and delivered to H. M. Rupley, Esq., a paper of which the following is a copy:

" We, Elizabeth Givler and Annie Elizabeth Silvius, of West

Fairview, Cumberland county, state of Pennsylvania, being heirs-of-law of Emanuel Neidig, late of Silver Spring township, county and state aforementioned, deceased, do hereby renounce all our right to letters of administration upon the estate of said deceased, and desire that the same may be granted to H. M. Rupley, Esq., of West Fairview, Pa. We further suggest that the said Emanuel Neidig died leaving no father or mother nor brother or sister to survive him, and that we are the issue of a sister of his father, and to the best of our knowledge and belief the nearest of kin.

" In witness whereof we have hereunto set our hands this 20th day of March, 1897.

"Witness :                          ELIZABETH GIVLER.
" BENJ. GIVLER.                  ANNA E. SILVIUS.
" JOHN R. SILVIUS."

On Monday morning, March 22, prior to the interment of Mr. Neidig, the above mentioned paper was filed with the register of wills, and letters of administration were issued to H. M. Rupley, Esq., as therein suggested. At a later hour on Monday, Mr. Neidig was buried, and on the following day four of his next of kin, being the children of a deceased half brother, presented a petition to the register of wills reciting their relationship to him and setting forth that the aforesaid letters of administration " were improvidently granted and should be revoked for the reason that the parties who appeared alleging or representing that they were the next of kin of said decedent, and who renounced their alleged right to letters of administration upon his estate and suggested that the same be granted to the said H. M. Rupley, Esq., are not the next of kin of said decedent, and therefore not entitled to letters, nor had they the right to renounce and suggest in whose favor the same should be granted ; that the right to letters of administration is vested under the law in one or more of your petitioners, or in such person or persons that they may see fit to nominate in the event of a renunciation of their right to said letters," etc.

The petition concluded by praying that a citation should be issued to H. M. Rupley, Esq., commanding him to appear upon a fixed day and show cause why the letters of administration should not be revoked.

The administrator filed an answer to the citation in which he set forth: "It is not true that said letters of administration were issued to your respondent improvidently, but lawfully on the nomination of the next of kin of said Emanuel Neidig, residing in the county of Cumberland.  The parties who nominated your respondent are the next of kin, as he is informed and believes, and entitled to letters, and respondent denies that the petitioners are such next of kin as are entitled under the act of assembly to letters of administration upon the estate of Emanuel Neidig, deceased.  Respondent therefore prays that said citation be dismissed at cost of petitioners."

Upon the question of fact as thus made up, evidence was taken which clearly showed that the next of kin of Emanuel Neidig at the time of his death were the children of three half brothers, previously deceased.  After carefully examining the testimony we do not see why the register hesitated in reaching this conclusion, for it was plainly established; so, likewise, it was shown that the relationship between Mrs. Givler and Mrs. Silvius and the decedent was not so close, his father's sister having been their grandmother.

Article 5 of section 4 of the act of April 8, 1833, provides that in a case such as the present one the personal estate of the intestate shall be distributed among his brothers and sisters and their issue " without any distinction of blood."  In regard to the descent of personal property there is no distinction between brothers and sisters of the whole and half blood: Estate of Caroline Miller, 2 Woodward's Decisions, 174; nor is there a distinction between them as to the grant of letters of administration, for they are all in the nearest degree of consanguinity with the decedent: Single's Appeal, 59 Pa. 55.

Section 22 of the act of March 15, 1832, directs that the register shall grant letters to the widow, if any, of the decedent, or to such of his relations or kindred as by law may be entitled to the residue of his personal estate, or to a share or shares therein after payment of his debts, except in case of their refusal to act, or incompetency.  If the parties entitled to letters do not desire to personally settle the estate they may name a suitable person to do so, and the register must regard their selection.  The opinion of Judge WATSON in Jones's Appeal, 10 W. N. C. 249, which was adopted by the Supreme Court, contains the follow-

ing apposite language on this subject: "I feel very confident that no case can be found where it has been held that the register is at liberty to disregard the clearly expressed wishes of the parties preferred by the law and entitled to the estate, whether they be residents of this commonwealth or beyond its borders, and grant letters to a total stranger, whose only interest is the expectation of earning commissions by his services in the execution of the trust. . . . If the parties who are entitled to the estate are not in a position to administer it themselves, then the trust should be committed to their nominee who has their confidence, and whose services are to be paid for from their funds."

As soon as it was shown that Mrs. Givler and Mrs. Silvius, at whose instance the administrator was appointed, had no interest whatever in Emanuel Neidig's estate, the present letters should have been at once canceled and others issued according to law. Henry C. Ocker and Sarah Ocker, by papers filed with the register on April 5, became parties to the petition to have the outstanding letters revoked, hence all of the interested parties who are residents in this county have united in the same prayer. Why should their request not be granted ? It is futile to say that none of the petitioners made application for letters. Mr. Rupley was appointed in unseemly haste, without notice to the next of kin, and before the deceased had been buried, upon the strength of a so-called renunciation signed on the day of his death by two persons, neither of whom had a jot of right to his property or any part of it. Those entitled to the estate who live here began proceedings without delay to have the mistake rectified, and have vigorously pressed the matter to its present stage, the allegations upon which they based their claim to relief having been fully sustained by evidence taken. Upon the day of argument there was filed with the court a paper signed by the six next of kin resident in the county and two others, renouncing their right to letters, and requesting that they be issued to Jacob S. Meily, of Silver Spring township. This document is herewith transmitted to the register. That Mr. Rupley is well qualified to perform the duties of administrator is immaterial, for his appointment to the position was obtained without the knowledge or consent of any of the distributees, and it is now sought to have him retained in the place against their pro-

test. To permit this to be done would be violative both of the rules of business and of the principles of law.

And now, June 8, 1897, the appeal is sustained, and it is ordered that the letters of administration in the estate of Emanuel Neidig, deceased, which were granted to H. M. Rupley, Esq., be and the same are hereby vacated; and it is further ordered that letters in said estate be issued by the register of wills to Jacob S. Meily, who is a suitable person and the nominee of the next of kin, upon his entering into bond with sureties as required by law. By agreement of the parties it is ordered that the costs be paid out of the estate.

*Error assigned* was decree of the court.

*A. R. Rupley*, with him *J. W. Wetzel* and *Conrad Hambleton*, for appellant.—In Comfort's Est., 12 Pa. C. C. 571, in a very similar case the court simply revoked the letters, stating the court could not grant new letters or order to whom they should be issued.

The law in Pennsylvania is settled, that the register of wills of the proper county, in case of the refusal or incompetency of all the kindred of a decedent and no creditors apply, may grant letters of administration to any fit person at his discretion: Frick's App., 114 Pa. 29; Wilkey's App., 108 Pa. 569.

It is expressly settled in this state that where the register issues letters of administration to one outside of those to whom the law gives the right he is bound to exercise a sound discretion, and in the absence of evidence against his appointee a sound discretion is presumed: Woods's App., 55 Pa. 332; Jones's App., 10 W. N. C. 249.

*R. M. Henderson*, *J. Webster Henderson* and *Chester C. Bashore*, for appellees were not heard, but cited in their printed brief: Comfort's Est., 12 Pa. C. C. 571; Scanlon's Est., 12 Pa. C. C. 339.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 3, 1898:

This appeal is from the decree of the orphans' court vacating " the letters of administration which were issued to H. M. Rupley, Esq., in the estate of Emanuel Neidig, deceased," and

ordering " that letters in said estate be issued by the register of wills to Jacob S. Meily, who is a suitable person, and the nominee of the next of kin, upon his entering into bond with sureties as required by law."

The facts of the case, together with the questions of law arising thereon, are clearly and concisely stated in the opinion of the learned president of the court below, and need not be recited here. In his argument the appellant says : " There are no disputed facts so far as this appeal is concerned, and therefore the testimony taken before the register of wills is not printed." He also " frankly admits that the petitioners, the Ocker family, are the next of kin, and the letters issued to Mr. Rupley were improvidently granted, and would have been revoked by the register had any of said next of kin been competent and applied for said letters." The reasons thus stated as a justification of the register's refusal to vacate the letters admitted to have been improvidently issued to appellant are frivolous and unsound. The issue before the register involved neither the competency of the next of kin to administer, nor their demand that letters issue to them, or some of them, or to their nominee. For good and sufficient reasons set forth in their petition, the prayer thereof was that the letters improvidently granted to the appellant in this case be revoked. In his answer, he denied that the letters were improvidently granted to him, and averred that those by whom he was nominated were the next of kin of the intestate, and that the petitioners were not such next of kin as are entitled to administer, etc. Under the issue thus presented, as soon as it was shown that the persons who nominated appellant were not the next of kin, and that the petitioners were, it was the clear duty of the register to revoke the letters granted to appellant. That would have cleared the way for an application by some of the petitioners or their nominee. The only orderly mode of proceeding was for the register to determine first whether the letters to appellant were or were not improvidently granted. It would have been premature for the next of kin to have demanded the issue of letters to themselves or their nominee until the register had first revoked the improvidently granted letters ; but, as we understand, the register went outside of the questions involved in the issue before him and decided that because the next of kin were incompetent to administer, etc., the

letters improvidently granted to appellant should not be revoked. This was simply undertaking to prejudge what was not then properly before him, and perhaps never would have been if he had rightly decided the questions that were strictly involved in the issue without more : but he undertook to fortify his refusal to vacate the improvidently granted letters by deciding that none of the next of kin was competent to administer, etc.

For reasons clearly and concisely set forth in his opinion, the learned judge found the facts as now conceded to be correct, viz : " That the Ocker family are the next of kin, and the letters issued to Mr. Rupley were improvidently granted," etc., and he accordingly vacated said letters. He might have stopped there and left to the register of wills the granting of letters to one or more of the next of kin, but clearly he was not bound to do so. It was doubtless evident to him, as it is to us, that the questions that might again arise before that officer had not only been prejudged, but were erroneously decided by him. Owing to the manner in which the case appears to have been heard and disposed of by the register, those questions were brought before the court below.   It was therefore entirely proper to incorporate in the decree the order that letters be issued by the register to the nominee of the next of kin, etc.   The appellant having been rightly ousted from the office into which he was inducted with at least indecent haste has no right to interfere with the granting of letters to any of the next of kin or their nominee.

In view of the clear and satisfactory manner in which the questions involved are disposed of in the opinion of the court below further elaboration is unnecessary.

Decree affirmed and appeal dismissed at appellant's costs; and it is ordered that the record be remitted to the court below.