## Martin Estate.

Argued April 10, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Gerald D. Prather,* for appellant.

*F. Joseph Thomas,* for appellee.

OPINION BY MR. JUSTICE BELL, June 26, 1950:

Mary Martin died testate, leaving a surviving husband but no issue. The Record does not contain a copy of her home drawn will but the will did not contain a residuary clause. The husband elected to take against the will and thereafter claimed that he was entitled, under the Intestate Laws, to $10,000 and one-half (½) of the balance of the estate of which his wife died intestate. In pursuance of his said right, the husband petitioned to have his allowance of $10,000 set aside to him out of certain real estate of which the decedent died intestate.

These facts raise a narrow but close question: Does the Wills Act of April 24, 1947, P. L. 89, 20 P.S. §180.1 et seq., or the Intestate Act of April 24, 1947, P. L. 80, 20 P. S. §1.1 et seq., govern?

Section 8 of the Wills Act of 1947 provides as follows: "(a) Right of Election. When a married person *dies testate as to any part of his estate,* the surviving spouse while living shall have a right of election under

the limitations and conditions hereinafter stated. (b) Share of Estate. The surviving spouse, upon an election to take against the will, shall be entitled . . . to one-half of the real and personal estate of the testator."*

This language is clear and specifically covers the instant case where the married woman died testate as to part of her estate and the surviving spouse elected to take against the will. At first blush it would therefore seem to clearly and specifically apply to and rule the instant case. However, Sections 1 and 2 of the Intestate Act of 1947 provide: Sec. 1 "The real and personal estate of a decedent, whether male or female, subject to payment of debts and charges, and not disposed of by will or otherwise, shall descend as hereinafter provided." Sec. 2 "The surviving spouse shall be entitled to the following share or shares: . . . (3) No Issue. The first ten thousand dollars in value and one-half of the balance of the estate, if the decedent is survived by no issue. . . ."

The surviving husband claims that the real estate of his deceased wife which was not disposed of by will shall descend in such manner that he is entitled to the first $10,000 in value and one-half of the balance of the estate not disposed of by his wife's will. The husband contends that the Wills Act governs only property disposed of by will and that therefore all property of which the decedent died intestate must descend under the Intestate Act. The vice of this argument which, at first blush, is persuasive, is that *the husband is claiming by virtue of an election* to take against the will. The 1947 Intestate Act does not contain a provision covering such an election, but that situation is clearly and specifically covered by the 1947 Wills Act. The 1947 Wills Act deals not only with property passing under a will, but also deals clearly and specifically with the disposition of all of the property

*Italics throughout, ours.

of a decedent who dies wholly or partially testate, in the event that the surviving spouse elects to take against the will. This construction gives effect to the language of both Acts and harmonizes the provisions of both the Wills Act and the Intestate Act.

That this is the correct construction is further evident from an examination of the former law and of the comments of the Commission which drafted the aforesaid Acts.

When an act is changed or repealed and a new or similar act enacted to take its place, or when the words or meaning of a statute are not explicit or clear, the intention of the legislature is to be gathered not only by a consideration of the new act but also by examining the occasion, reason or necessity for the law; the circumstances under which it was enacted; the mischief, if any, to be remedied; the object to be obtained; and the old law upon the subject: *Phipps v. Kirk,* 333 Pa. 478, 5 A. 2d 143; *Orlosky v. Haskell,* 304 Pa. 57, 66, 155 A. 112.

Moreover, in ascertaining the legislative meaning, while what is said in debate is not relevant, the report of a legislative commission or a Senate or House committee may, if obscurity or ambiguity exists, be considered: *National Transit Company v. Boardman,* 328 Pa. 450, 197 A. 239; *Tarlo's Estate,* 315 Pa. 321, 172 A. 139.

In the light of these clearly established principles, we have no doubt that the Wills Act applies to the instant case. Under the law prior to the aforesaid Acts, the $10,000 allowance was awardable and applied *"only to cases of actual intestacy, . . . and not to cases where the surviving spouse shall elect to take against the will of the deceased spouse."* Intestate Act, Act of June 7, 1917, P. L. 429, 431; §2(a) ; as amended by Act of July 11, 1917, P. L. 755, §1; 20 P. S. §11. *Lee's Appeal,* 124 Pa. 74, 16 A. 514.

The new Wills Act and the new Intestate Act were not intended to make any change in this basic law. The comments of the Joint State Government Commission pertaining to the point here involved, under Section 8 of the Wills Act of April 24, 1947, are as follows: "Subsecs. (a) and (b) The exact share of the surviving spouse upon election to take against the will has been set forth in brief language in this section. This is necessary *in order to make it clear that a spouse taking against the will does not receive the $10,000 allowance.* The definition of the share of the spouse is in accordance with the language of section 2 of the Intestate Act of 1947."

These comments are clear and unambiguous and show that the drafters of the new Act clearly intended that a spouse taking against the will was *not* entitled to receive the $10,000 allowance.

When we turn to Section 2 of the new Intestate Act of April 24, 1947, the Commission's Comments thereunder fortify our conclusion: "1. The $5000 allowance is increased to $10,000 because of the greatly decreased value of money. . . ." "3. *The proviso* in section 2 (a) of the 1917 act, . . . to the effect that the allowance does not apply upon an election to take against the will *has been omitted*" (*not because there was an intention or an attempt to change the law,* but) "because it is not properly in this act. . . . *The situation is now covered by section 8 (b) of the Wills Act of 1947. . . .*"

When we review once again Section 8 (b) of the Wills Act of 1947, we find that the exact and specific situation in the instant case has been clearly and specifically covered and entitles the surviving spouse, not to a $10,000 allowance plus other interests, but merely to one-half of the real and personal estate of the testator.

Considering, therefore, the old law and the new law, as well as the intention of the Joint State Government Commission on the questions involved herein, it is clear that the surviving husband's election to take against

his wife's will entitles him, not to the first $10,000 allowance as in cases of actual intestacy, but merely to one-half of her estate as specifically provided in Section 8 of the Wills Act of 1947.

The order of the court below is reversed with directions to enter a proper order pursuant to and in accordance with this opinion; each party to pay its own costs.