## Burwell Estate

*Arthur C. Thomas*, for accountant.

*Leslie P. Hill*, for widow.

*Richard Hay Woolsey*, for Janett Barlow and Elizabeth Wilder.

*Ralph C. Donohoe*, for Commonwealth.

BOLGER, J., May 19, 1955.—Decedent died January 22, 1954, leaving a will which was duly admitted to probate. He was married at the time of his death and was survived by two children, Oscar and Harry Bur-

well. The latter was adopted by Eugene W. and Carrie B. Randolph in a proceeding in the Court of Common Pleas of Allegheny County by a decree dated November 14, 1908.

Letters testamentary were granted to the accountant on May 28, 1954; proof of publication of the grant of same was submitted and is annexed hereto.

Pennsylvania transfer inheritance tax has not been paid and all awards will be subject to such tax as may be assessed and found due.

By his will dated July 27, 1949, testator gave premises 1919 North Twenty-first Street and 1914 Woodstock Street, together with the garage business conducted in the said premises "to my dear wife, Mary Ann Burwell", for life. He directed that in the management of his business Nevison Fitchett be given preference should his wife decide to operate the business and Richard McNair be considered as assistant manager.

Upon the death of Mary Ann Burwell he gave the real estate to Elizabeth Wilder, whom he described as his granddaughter, and Jeanette McNair, whom he described as his daughter-in-law, as joint tenants. He expressly disinherited his son, Oscar Burwell, and directed that should his wife, Mary Ann Burwell, predecease him so that he died seized of premises 2407 West Oxford Street, he gave the said premises to Susie D. Walker absolutely and in fee. He gave his residuary estate to Mary Ann Burwell and appointed Mercer L. Lewis executor.

At the audit Daisy Burwell appeared and claimed to be the widow of decedent and elected to take against the will of the decedent.

All parties in interest admit and even without their admission it has definitely been established of record that Daisy Burwell is the widow of decedent. It is further established that despite the separation which

occurred many years prior to his death, the widow has not forfeited her right to claim an undivided one half of the estate of decedent. Her testimony clearly shows that Priestly Burwell deserted his wife.

It is also to be noted that Mary Ann Burwell, the alleged wife of decedent, died May 14, 1954. It is acknowledged that Oscar Burwell is living, but it is stated that Harry Burwell, adopted by the Randolphs in 1908, has not been seen for several years, and it is not known whether or not he survived testator.

Subsequent to the audit, the accountant has submitted a supplemental account which shows that decedent owned properties 1919-21 North Twenty-first Street and 1914-16 North Woodstock Street. By a deed, dated April 8, 1953, Priestly Burwell and Mary Burwell, his wife, conveyed title to these properties to Priestly Burwell, trustee. The terms of the trust contained in the deed recite that income therefrom was to be paid to Priestly Burwell and Mary Burwell, his wife, and the survivor of them for life, and upon the death of both, "then the said premises shall become vested in Elizabeth Wilder, a granddaughter, and Janett Barlow, a daughter-in-law, of Priestly Burwell, their heirs and assigns, share and share alike, free, clear and discharged of and from any and all trusts and limitations herein created". It is admitted that in view of the failure of Daisy Burwell to join in this deed her rights as surviving spouse have not been defeated by the alleged conveyance and, therefore, the trust is inoperative with respect to her interest.

Question has been raised concerning the entitlement of Daisy Burwell to one half or one third of the net estate of decedent because it is presumed that decedent died leaving two children to survive him.

In behalf of the alleged remaindermen of the trust, it is contended that the share of the widow must be limited to one third. This argument is based upon sec-

tion 8(*b*) of the Wills Act of April 24, 1947, P. L. 89, which provides that the surviving spouse is entitled to one third "if the testator is survived by more than one child . . . and in all other circumstances the surviving spouse shall be entitled to one-half". In Martin Estate, 365 Pa. 280, decedent wife failed to effectively dispose of her entire estate and a husband claimed that out of the resulting intestacy he was entitled to receive $10,000 plus one half of the balance then remaining. The court refused the claim and held that the Wills Act, supra, controls the disposition of property of a decedent who died leaving a will even though the will did not completely dispose of the entire estate.

In behalf of the widow, it is urged that section 14(6) provides that an adopted child "shall be considered the child of his adopting parent or parents and not the child of his natural parents . . .".

In the footnote with reference to this section, it is stated that this language was used in the act to conform with the theory of adopting as expounded in Cave's Estate, 326 Pa. 358, and in accordance with the Intestate Act of June 7, 1917, P. L. 429, sections 1 to 16, the child is considered a child of the adopting family for all purposes of inheritance.

If the child of this decedent, who was given in adoption, thereby became cut off from the Burwell family and grafted upon the family tree of the Randolphs, then he could not take anything from this estate as an heir of Priestly Burwell. It is, therefore, unsound to declare that Harry Burwell Randolph, who could not participate as a member of a class in a gift to children of Priestly Burwell, must be considered as a child of decedent in measuring the fractional share of his mother.

I find that the words "child and issue of children" as set forth in section 8(*b*) of the Wills Act, supra,

do not include a child who has been given in adoption by his deceased natural parent and, therefore, Daisy Burwell is entitled to one half of all the property of which this decedent died possessed and not to one third.

On his appearance slip counsel for accountant has requested as additional credits the cost of advertising widow's exemption, $41, and commission on real estate at two percent, $250. There was no objection to these credits. They are allowed and directed to be paid.

The account as supplemented shows a balance of principal of personal estate of $1,515.56, from which deduct additional credits claimed on counsel's appearance slip, $291, leaving a balance of $1,224.56, which, composed as indicated, subject to such transfer inheritance tax as may be assessed and found due, is awarded $750 to Daisy Burwell as her widow's exemption, and one half of the balance, and the remaining one half to the estate of Mary Ann Burwell, deceased.

The supplemental account shows a balance of real estate of $12,500, which consists of premises 1919-21 North Twenty-first Street and 1914-16 North Woodstock Street, Philadelphia, which is awarded as follows: An undivided one-half interest to Daisy Burwell, her heirs and assigns, and the remaining one-half interest to Elizabeth Wilder and Janett Barlow, their heirs and assigns as tenants in common. This award is subject to payment of such transfer inheritance tax as may be assessed and found due.

Leave is hereby given the accountant to make all necessary transfers and assignments.

The accountant will submit a schedule of distribution, in duplicate, in accordance with Orphans' Court Rule 72.

And now, May 19, 1955, the account is confirmed nisi.