## Nearhoof Estate

*John B. Schaner,* for petitioner.
*Robert Stuckenrath,* for respondent.

LEHMAN, P. J., February 27, 1956.—The basic issue before us is whether letters of administration summarily granted by the register of wills to one of a class primarily entitled to administration should be revoked because no notice of the petition for letters was given to, or renunciation received from, the other person in said class, where the latter person is a resident of the county where the estate is to be administered and is entitled to an equal share of said estate.

The essential facts are not in dispute. John Andrew Nearhoof died intestate October 31, 1954, late of Burnham, Mifflin County, owning personal property of an estimated value of $1,200 and real estate estimated at $6,000 and leaving to survive him his son, Abner D. Nearhoof, age 56, R. D. 3, Lewistown, Mifflin County, petitioner herein, and his daughter, Dorothy M. Bigelow, age 43, who, with her husband, lived with decedent. On November 4, 1954, Dorothy M. Bigelow presented her petition for letters of administration in

said estate with the usual bond to the register of wills. Her petition contained all of the necessary averments, including the names, relationships and residence addresses of the heirs at law and next of kin as required by article III, sec. 303, of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.303. Without giving notice to, or receiving renunciation of his right to letters from, Abner D. Nearhoof, son of decedent, the then register of wills summarily and on the same date granted letters of administration to the said Dorothy M. Bigelow.

On December 17, 1954, Abner D. Nearhoof presented his petition to the register of wills to revoke said letters and to appoint him administrator. His petition, in addition to the required averments for letters, alleged that the register had granted letters to his sister without notice to, or renunciation from, him. He further alleged that the interests of the said Dorothy M. Bigelow are adverse to those of the estate in that: (1) The said Dorothy M. Bigelow has proposed to purchase decedent's real estate and at the lowest possible price; (2) that certain personal property of decedent's estate has been commingled with the property of Dorothy M. Bigelow and has not been included in the inventory and appraisement filed by her and that the said Dorothy M. Bigelow proposes to claim said personal property by virtue of an alleged gift from decedent to her; (3) that the said Dorothy M. Bigelow proposes to claim a family exemption contrary to the interests of said estate; and (4) that the said Dorothy M. Bigelow and her family are occupying decedent's real estate.

Without taking testimony, the register certified the matter to the orphans' court and, upon motion of counsel for petitioner, we issued a citation directed to the said Dorothy M. Bigelow to show cause why letters of administration heretofore granted to her in said estate should not be revoked and letters of administra-

tion granted to another person. On the date scheduled for hearing before the orphans' court, counsel entered into a stipulation of the facts in lieu of taking testimony. Said stipulation admitted that no notice of the daughter's petition for letters in her father's estate had been given to, or renunciation received from, the son. The date of death of decedent and names, ages and addresses of the next of kin were likewise agreed to as averred in the petition now before us. Thereafter argument was heard and briefs were filed by counsel.

An application to revoke letters of administration is properly made to the register of wills: Phillip's Estate, 293 Pa. 351, 143 Atl. 9; Sudam's Estate, 3 W. N. C. 305; Farrell's Estate, 1 W. N. C. 15. A revocation proceeding, such as this, must be distinguished from a proceeding to remove an incompetent administrator who originally was appointed properly. In the latter case, jurisdiction is expressly vested in the orphans' court and the petition, in such case, is properly addressed to that court: Purnam's Estate, 334 Pa. 238, 5 A. 2d 906; Wagner's Estates, 46 D. & C. 355.

Section 305 of the Fiduciaries Act of April 18, 1949, P. L. 512, lists in order of entitlement the classes of persons eligible for grant of letters. Since there was no will and no surviving spouse in the instant case, the third class of persons therein listed applies. That part of the section states: "(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class."

Within the class, the register may exercise his discretion unless otherwise directed, but he cannot disturb the order of appointment outlined by the legislature: Friese's Estate, 317 Pa. 86, 176 Atl. 225. When the class primarily entitled to administration consists of

two or more persons, it is the duty of the register to grant letters to such one or more of them as he shall judge will best administer the estate. He is not bound to select the oldest in preference to the youngest of the class: McMurray's Estate, 256 Pa. 233, 100 Atl. 798. The preference of males to females was abolished by the amending Act of May 13, 1925, P. L. 687, and said one-time preference no longer exists. Moreover, no premium is to be placed upon the earlier application for letters: Buell Estate, 2 Fiduc. Rep. 10, 13.

While the register may exercise his discretion within the class, unless otherwise directed, he may not arbitrarily discriminate between applicants for letters. He is required to exercise a sound judicial discretion in making an appointment: Cremer's Estate, 26 Lanc. 46.

But how can a register determine who will best administer an estate without at least giving notice to the other person in that class eligible to letters so that he might appear and be heard? How can the rights of a prospective administrator be denied without due notice and a reasonable opportunity to be heard? Petitioner is a resident of the county wherein the estate is to be administered. We believe he was entitled to due notice and a right to be heard.

Justice Bell stated in McKee v. McKee, 14 Pa. 231, 237, that: "The anxiety of the law makers to secure to defendants a day in court, after due notice, so sedulously manifested, is but in accordance with the principle, that before the rights of an individual can be bound by a judicial sentence, he shall have notice of the proceeding against him. This is announced to be an axiom of natural justice and of universal application, by Marshall, C. J., in the case of the Mary, 3 Peters' Con. Rep. 312.* . . . Indeed, its observance

---

* This statement is also quoted with approval in a footnote in Galli's Estate, 340 Pa. 561, 570, 17 A. 2d 899.

is felt to be so entirely essential to the preservation of individual right and the advancement of social obligation, that no official endorsement is required to enforce its general acceptance."

"The judgments of all courts, whether ecclesiastical or civil, whether of inferior or superior judicatories, are absolutely void, when rendered without citations, and without trial, and without the opportunity of a hearing": Commonwealth v. Green, 4 Wharton 531, 568.

A register of wills is a quasi judicial officer: Friese's Estate, supra. The Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.101 et seq., gives him many judicial powers. He has power to issue subpœnas, commissions or rules to take depositions, administer oaths, hold hearings and determine many matters of a judicial nature. The grant by him of letters is a judicial act (Remick's Orphans' Court Practice, 4th ed., sec. 34) ; so much so that, when an appeal is taken, the authority of the orphans' court is limited to a review of his discretion as that of an inferior judicial officer: McMurray's Estate, supra. Such officers have the inherent power to annul or vacate orders made unquestionably without any authority or jurisdiction: Phillip's Estate, supra.

In Maupay Estate, 2 Brewster 491, the court revoked letters of administration cum testamento annexo which the register granted without notice to the guardian of the children of the deceased, who were legatees under the will.

In the recent case of Buell Estate, supra, in which similar facts existed, Judge Lefever dismissed the appeal from the action of the register in revoking letters of administration granted to decedent's sister where the sister and a nephew were entitled to equal shares of the estate. It was held that the register should not have peremptorily granted letters of ad-

ministration to the sister "without considering carefully (the nephew's) right to administer . . . (and) should have required that he be given notice and an opportunity to be heard".

Likewise, it has been held that the register may not revoke letters of administration granted and admit to probate an alleged will without giving due and proper notice to the administrator and any other proper parties in interest of such proceedings, so that they may be given a chance to be heard and file a caveat against the probate of the alleged will, if they see fit: McQuade Estate, 41 Luz. 483, 1 Fiduc. Rep. 579. In setting aside the register's decree revoking the letters, Judge Brady said: "We think it is academic that such notice should have been given and we see no occasion to cite cases."

It is noteworthy that there is no statutory law expressly providing for notice in such cases, but it is axiomatic by every legal concept of justice and fairness that notice be given. This is especially true where the other interested party resides in the same county in which the proceedings have been instituted. Were a register permitted to grant letters summarily to the first eligible person that petitions, without notice to the other interested parties, applications for letters in many instances would be made within hours of a loved one's death. Such procedure would be nothing less than scandalous.

Section 402 (a) of the Register of Wills Act of June 28, 1951, P. L. 638, reads as follows: "The register may revoke letters of administration granted by him whenever it appears that the person to whom letters were granted is not entitled thereto." This section and section 5 of the 1917 act, its precesessor, have been interpreted as permitting a register to revoke letters wrongfully or improvidently granted: William's Appeal, 7 Pa. 259; Neidig's Estate, 183 Pa. 492, 38 Atl. 1033;

In re Davies' Estate, 146 Pa. Superior Ct. 7, 21 A. 2d 517; Phillip's Estate, supra; Sharpless' Estate, 28 Dist. R. 746; In re Wagner's Estates, supra; Wertz Estate, 6 D. & C. 2d 429.

Judge Gross aptly stated in the very recent case of Wertz Estate, supra: "The register has no right or power to review the legal exercise of his discretion in granting letters of administration, unless it is shown that the granted letters are either void ab initio, or avoidable because of the register's lack of jurisdiction, mistake or fraud practiced upon him in the original grant of letters: Serrel Estate, 69 D. & C. 69; Obici Estate, 373 Pa. 567."

Because petitioner had no notice and was not afforded a reasonable opportunity to be heard, the letters summarily granted to Dorothy M. Bigelow were void ab initio and it matters not that she has caused to be filed an inventory and appraisement, an affidavit of debts and deductions, collected certain assets and paid the inheritance tax.

The only remaining issue to be determined is whether the register of wills prematurely certified this case to the orphans' court. He took no testimony and on the same day the petition to revoke was filed, he certified the proceedings to this court.

Article II, sec. 201 of the Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.201, provides that: ". . . the register shall have jurisdiction of the probate of wills, the grant of letters to a personal representative, and any other matter as provided by law."

Article II, sec. 207, provides that: "Whenever a caveat shall be filed or a dispute shall arise before the register concerning the probate of a will, the grant of letters or the performance of any other function by the register, he may certify, or the court upon petition of any party in interest may direct the register at any stage of the proceeding to certify, the entire record

to the court, which shall proceed to a determination of the issue in dispute. No letters of administration pendente lite shall be granted by the register after proceedings have been removed to the court except by leave of court."

The comment made by the Joint State Government Commission of the General Assembly of Pennsylvania to section 207 of the Register of Wills Act is that it "includes the substance of sections 18 and 19 of the 1917 act, combined into a single abbreviated section as a matter of style. . . ." The report of a legislative commission or a Senate or House committee may be considered in ascertaining the intention of the legislature, if obscurity or ambiguity exists: In re Martin's Estate, 365 Pa. 280, 74 A. 2d 120.

Section 18 of the said Register of Wills Act of June 7, 1917, P. L. 415, 20 PS §1981, provided for the orphans' court to direct the register to certify the entire record to said court at any stage in the proceedings then before the register. Section 19 of said act provided that the register may certify the entire record to the orphans' court where the question involved was a disputable and difficult matter. Thus, it would be noted that these two sections are survived in substance in section 207 of the Register of Wills Act of June 28, 1951, P. L. 638; In re Ulmer's Estate, 80 D. & C. 359; In re McQuade's Estate, 80 D. & C. 557.

The decisions under both the 1917 and 1951 acts hold that the orphans' court will not assume jurisdiction where the record fails affirmatively to show an unusual, a complicated or an extraordinary situation (In re Greenawalt's Estate, 58 D. & C. 487 (1946); In re McQuade's Estate, supra (1953)), but certification will be decreed where there are sufficiently difficult and unusual and probably complicated phases for consideration: Randal's Estate, 50 Montg. 169 (1934). It is the register's duty first to take testimony for the

purpose of determining whether there is a disputable and difficult question and if a such question is presented, the register may certify to the orphans' court: Fleming's Estate, 70 Pitts. 951, 36 York 117 (1922); In re Sites' Estate, 60 Dauph. 377 (1950); In re Ulmer's Estate, supra (1953); In re McQuade's Estate, supra. The purpose of section 207 of the Act of 1951 is not to eliminate the jurisdiction of the register in all such cases and to turn the orphans' court into a probate or register's court. Id.: In re Ulmer's Estate, supra.

Even though it might appear that counsel for both parties have acquiesced in the certification of these proceedings to the orphans' court, we have not had the benefit of seeing or examining either of the applicants for letters. The short stipulation of counsel in no wise related to the respective abilities of the two next of kin to administer the estate. This is the responsibility and function of the register. He should give due notice of a hearing to the two parties in interest or their counsel and hear testimony so as to better determine to whom he should grant letters. While Judge Richards indicated in Sites' Estate, supra, that no useful purpose would be served by remanding the record to the register with directions that he hold a hearing, the instant case is distinguishable because we have held no hearing, and there is no possible means for us to presently determine who is best qualified for letters. The court in the Buell case, supra, refused to permit the certification of the proceedings where the identical question as in the instant case was involved. The court held that such certification, at least prior to the hearing of testimony by the register, was premature.

We accordingly enter the following

*Decree*

And now, February 27, 1956, the petition of Abner D. Nearhoof for the revocation of letters of administra-

tion granted to Dorothy M. Bigelow and for his appointment as administrator of the Estate of John Andrew Nearhoof, deceased, certified by the register of wills to this court, is hereby remanded to said register with directions that he forthwith revoke the letters of administration to Dorothy M. Bigelow, give due notice to the said Dorothy M. Bigelow and Abner D. Nearhoof, or their respective counsel of record, of a hearing to be held before him and thereafter grant letters of administration in said estate to such person or persons as are entitled thereto, as in his discretion he shall determine will best administer the estate. Said revocation shall be without prejudice to the said Dorothy M. Bigelow. The citation is dismissed and the costs of this proceeding shall be paid by the estate.