## Hershey Estate

*James Strite* and *Albert Foster*, for exceptants.

*George S. Black*, *Glenn Benedict* and *Merrill W. Kerlin*, contra.

SHEELY, P. J., December 29, 1960.—T. Scott Hershey died intestate on May 23, 1955, leaving to survive him his widow, Celia Hershey, and three nieces. The administrators of his estate have filed their first and final account showing a balance in their hands of $3,974.16 which they propose to distribute to the administrators of the estate of Celia Hershey, deceased, she having since died, under the provisions of section 2(3) of the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1.2, which provides that the surviving spouse shall be entitled to the first $10,000 in value and one-half the balance of the estate if decedent is survived by no issue.

Two of the surviving nieces and the administrator of the estate of the other niece, who has since died, have filed exceptions to the proposed schedule of distribution contending that they are each entitled to one sixth of the estate and that the widow's share is limited to one half thereof under the provisions of section 8 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.8, which provides that: "When a married person dies testate as to any part of his estate, the surviving spouse while living shall have a right of election . . ." and under subsection (b) : "The surviv-viving spouse, upon an election to take against the will . . . [where there are no issue of the decedent] . . . shall be entitled to one-half of the real and personal estate of the testator."

As explained in the commissioner's comments, the exact share of the surviving spouse upon election to take against the will has been set forth to make it clear that a spouse electing to take against the will does not receive the $10,000 allowance.

The contention of exceptants that the widow is not entitled to the $10,000 allowance and that her share of the estate is governed by section 8 of the Wills Act is based upon the fact that decedent had created three joint bank accounts in his name and the names of each of his three nieces. After his death the guardian of the estate of his widow, an incompetent, filed an election under section 11 of the Estates Act of April 24, 1947, electing to treat the creation of the joint bank accounts as testamentary dispositions so far as the surviving spouse was concerned. After extensive litigation the Orphans Court of Fulton County sustained her election and directed that one fourth of the amounts deposited in the accounts after January 1, 1948, the effective date of the Estates Act of April 24, 1947, P. L. 100, should be paid to the administrators of the widow's estate, she having died in the interim.

See Hershey Estate, 1 Adams 160 (1960), 10 Fiduc. Rep. 390 (1960). As a result of this election the estate of Celia Hershey, the surviving spouse of decedent, received over $6,000 from the joint bank accounts. It is the contention of the exceptants that the election of the surviving spouse to treat the joint bank accounts as testamentary dispositions, and to take against the same, has the same effect as an election to take against a will in fixing the shares of the estate to be taken by the interested parties.

Prior to the amendment of February 17, 1956, P. L. 1073, 20 PS §301.11, section 11 of the Estates Act of April 24, 1947, did not define the share to be taken by a surviving spouse filing an election thereunder. This was clarified by the amendment of 1956 which provided in subsection (b) that where there are no children or issue of deceased children the widow shall be entitled to one half thereof. In our original adjudication we held that this amendment indicated the intention of the legislature in the original section 11; namely, that a widow would take the same share of the property conveyed over which a power was retained as she would take in the estate of a testator against whose will she elected to take. We were there concerned, of course, only with the question of the share of the surviving spouse in what might be referred to as the Estates Act Fund. This fund was not part of decedent's estate and did not come into the hands of his personal representatives. In the commissioners' comment to section 11 it is stated:

"This section preserves for the surviving spouse the right to share in the decedent's assets where the decedent has retained important rights of ownership at death."

In our original adjudication we pointed out this distinction, saying:

"Under section 11, as originally enacted, and also

under the amendment of 1956, this amount is payable to the surviving spouse. . . . The conveyance is treated as a testamentary disposition only insofar as the surviving spouse is concerned. She is the only one who can make, or refrain from making, the election. The personal representatives of the deceased conveyor have no right in the fund, and the payment of this fund to her cannot affect her rights in his estate."

In other words, section 11 confers upon the surviving spouse rights in addition to her rights in decedent's estate.

In Behan Estate, 399 Pa. 314, 319 (1960), it is pointed out that: "section 11 of the Estates Act of 1947 gave a surviving electing wife certain rights with respect to property which had at one time belonged to her husband, and to this extent changed and modified the well settled law in Pennsylvania" which permitted the husband to lawfully dispose of his personal property free from post mortem claims by his widow by the use of various forms of conveyances which were not testamentary in character but which permitted the husband to retain control of his property and at the same time legally deprive his wife of her just marital rights therein.

The difficulty with exceptants' position is that the joint bank accounts were not testamentary and the election of the widow under section 11 was not an election to take against a will. Section 11 permits a conveyance of assets by a person who retains certain rights therein to "be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved. . . ." "Treating" the conveyance as a testamentary disposition is merely a device to permit the surviving spouse to reach assets which are not part of the estate; it does not change the character of the conveyance or make such assets part of the estate.

Section 8 of the Wills Acts applies only to the estate of any married person who dies *testate* as to any part of his estate. Subsection (*b*) of section 8, defining the share that the surviving spouse would take, provides that "the surviving spouse, upon an election to take *against the will*, shall be entitled. . . ." In this case, decedent did not die testate as to any part of his estate, and the surviving spouse did not elect to take against a will.

In Martin Estate, 365 Pa. 280 (1950), the will of decedent, who was survived by her husband and no issue, contained no residuary clause; decedent died intestate as to the residue. The surviving husband elected to take against the will and thereafter claimed that he was entitled, under the intestate laws, to $10,-000 and one half of the residue of the estate as to which his wife died intestate. The Supreme Court held that since there was a will against which the husband elected to take the distribution was governed by the 1947 Wills Act, which deals not only with property passing under a will but also deals clearly and specifically with the disposition of all of the property of a decedent who dies wholly or partially testate, in the event that the surviving spouse elects to take against the will. Conversely, it must follow that the Wills Act of April 24, 1947, does not apply where decedent does not die testate as to any part of his estate.

This case is further distinguished by the fact that a surviving spouse electing to take against the will under section 8 of the Wills Act is limited to a definite share of "the real and personal estate of the testator," whereas a surviving spouse electing under section 11 of the Estates Act is allowed a definite share "thereof," referring to the value of the conveyance, and without reference to his or her share of the estate of decedent.

That the widow's share in the estate of her deceased husband was not affected by her election under section 11 of the Estates Act of April 24, 1947, is further indicated by the amendment of February 17, 1956, P. L. 1073, to section 11 of the Estates Act, and the amendment of the same date, P. L. 1070, to the Wills Act. Prior to these amendments the widow could accept what was bequeathed or devised to her under the will of decedent and, at the same time, assert her right of election under section 11. By virtue of these amendments the spouse electing under section 11 of the Esstates Act must also elect to take against the will, if she is a beneficiary thereunder, and against all of the conveyances within the scope of section 11, of which she is a beneficiary, and a spouse electing to take against the will of decedent under section 8 of the Wills Act must also elect to take against all conveyances within the scope of section 11 of the Estates Act of which she is a beneficiary. The amendment to section 11 of the Estates Act also spelled out the share which the electing spouse should take thereunder. Had the legislature intended that the spouse of a decedent dying intestate should forfeit the $10,000 allowance under the Intestate Act upon the filing of an election under section 11 of the Estates Act, it would have so provided.

We conclude that the rights of the widow in the estate of her deceased husband are governed by section 1(2) of the Intestate Act of April 24, 1947, and that she is entitled to the first $10,000 in value of his estate and to one half of the remainder. Since the amount in the hands of the accountants for distribution is less than $10,000, the widow is entitled to the entire fund. It will be noted that this distribution, together with the amounts received by the widow under her election, does not exceed $10,000, so that the problem which might otherwise arise need not be passed upon.

And now, December 29, 1960, the exceptions to the first and final account and the proposed schedule of distribution filed by the administrators of the estate of T. Scott Hershey, deceased, are overruled, the account is confirmed and the schedule of distribution is approved. An exception to this order is noted on behalf of exceptants.

Decision is reserved on the question of payment of inheritance tax pending further proceedings.