**[J-48-2017][M.O. – Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| IN RE: TRUST UNDER DEED OF DAVID P. KULIG DATED JANUARY 12, 2001 | : | No. 97 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| | : | Court at No. 2891 EDA 2014, dated |
| | : | 12/24/15, reconsideration denied |
| | : | 2/23/16, affirming the Decree of the |
| | : | Court of Common Pleas of Bucks |
| APPEAL OF: CARRIE C. BUDKE AND | : | County, Orphan's Court Division, at No. |
| JAMES H. KULIG | : | 2013-0170 dated 9/12/14 |
| | : | |
| | : | |
| | : | |
| | : | ARGUED: May 10, 2017 |

**DISSENTING OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED: December 19, 2017**

I agree, in substantive part, with the analyses and conclusions of the orphan's court and the Superior Court, namely that, with respect to Section 7710.2 of the Probate, Estates and Fiduciaries Code, *see* 20 Pa.C.S. §7710.2, the enactment of this model law provision plainly reflects the Legislature' intention for *inter vivos* trusts to be construed the same as testamentary trusts, including the protections for pretermitted spouses pursuant to Section 2507(3), *see id.* §2507(3).

To the degree that Section 7710.2 may be viewed as ambiguous, as the majority concludes, *see* Majority Opinion, *slip op.* at 18, resort to the commentary is appropriate to determine the intention of the General Assembly. *See* 1 Pa.C.S. §1939 ("Use of comments and reports"); *accord* 20 Pa.C.S., Ch. 77, Refs & Annos, Jt. St. Govt. Comm.

Comment--2005 ("These comments may be used in determining the intent of the General Assembly. *See* 1 Pa.C.S. §1939 and *In re Martin's Estate*, 365 Pa. 280, 74 A.2d 120 (1950)."). In this respect, the comments to Section 7710.2 are clear regarding the application of the pretermitted spousal provision in the *inter vivos* trust context: "This section imports 20 Pa.C.S. [§]2507 . . .." 20 Pa.C.S. §7710.2, Jt. St. Govt. Comm. Comment--2005. The Uniform Law Comment provides additional context, explaining the rationale supporting the adoption of this provision, *i.e.*, that the "revocable trust is used primarily as a will substitute, *with its key provision being the determination of the persons to receive the trust property upon the settlor's death*." *Id.*, Uniform Law Comment (emphasis added); *see also* Danielle J. Halachoff, Comment, *No Child Left Behind: Extending Ohio's Pretermitted Heir Statute to Revocable Trusts*, 50 AKRON L. REV. 605, 623 (2016) ("Because revocable trusts are functionally equivalent to wills . . ., the basis for inconsistent treatment of wills and revocable trusts is lacking." (footnotes omitted)).

Given this commentary-incorporated reasoning and the express cross-reference to the pretermitted spousal section, I remain unpersuaded that the Legislature was required to enact a point-by-point codification of all the rules of construction it sought to apply to *inter vivos* trusts, rather than proceed via the broad provision of Section 7710.2. *Compare* Majority Opinion, *slip op.* at 24 ("[T]he fact that the legislature declined expressly to identify the effect that Wife imputes to Section 7710.2 provides powerful evidence that the General Assembly did not intend it."), *with* 20 Pa.C.S. §7710.2, Uniform Law Comment ("*Instead* of enacting this section, a jurisdiction . . . may wish to enact detailed rules on the construction of trusts . . .." (emphasis added)). Accordingly, I respectfully dissent.

Justice Baer joins this dissenting opinion.