CHIEF JUSTICE SAYLOR, DISSENTING I agree, in substantive part, with the analyses and conclusions of the orphan’s court and the Superior Court, namely that, with respect to Section 7710.2 of the Probate, Estates and Fiduciaries Code, see 20 Pa.C.S. § 7710.2, the enactment of this model law provision plainly reflects the Legislature’s- intention for . inter vivos trusts to be construed the same as testamentary trusts, including the protections for pretermitted spouses pursuant to Section 2507(3), see id. § 2507(3). To the degree that Section 7710.2 may be .viewed as ambiguous, as the majority concludes, see Majority Opinion, at 232-33, resort to the commentary is appropriate to determine the intention of the General Assembly. See 1 Pa.C.S. § 1939«(“Use of comments and reports”); accord 20 Pa. C.S., Ch. 77, Refs & Annos, Jt. St. Govt. Comm. Comment — 2005 (“These comments may be used in ■ determining the intent of the General Assembly. See 1 Pa. C.S. § 1939 and In re Martin’s Estate, .365 Pa. 280, 74 - A.2d ■ 120 (I960).”). In this respect, the comments to Section 7710.2 are clear regarding the application of the pretermitted spousal provision in the inter vivos trust context: “This section imports 20 Pa.C.S. [§ ]2507 20 Pa.C.S. § 7710.2, Jt. St. Govt. Coram. Comment— 2005. The Uniform Law Comment provides additional context, explaining the rationale supporting the adoption of this provision, i.e., that the “revocable trust is used primarily as a will substitute, with its key provision being the determination of the persons to receive the trust property upon the settlor’s death.” Id., Uniform Law Comment (emphasis added); see also Danielle J. Halachoff, Comment, No Child Left Behind: Extending Ohio’s Pretermitted Heir Statute to Revocable Trusts, 50 Akron L. Rev. 605, 623 (2016) (“Because revocable trusts are functionally equivalent to wills ..., the basis for inconsistent treatment of wills and revocable trusts is lacking.” (footnotes omitted)). Given this commentary-incorporated reasoning and the express cross-reference to the pretermitted spousal section, I remain unpersuaded that the Legislature was required to enact a point-by-point codification of all the rules of construction it sought to apply to inter vivos trusts, rather than proceed via the broad provision of Section 7710.2. Compare Majority Opinion, at 236 (“[T]he fact that the legislature declined expressly to identify the effect that Wife imputes to Section 7710.2 pró-vides powerful evidence that the General Assembly did not intend it.”), with 20 Pa. C.S. § 7710.2, Uniform Law Comment (“Instead of enacting this section, a jurisdiction ... may wish to enact detailed rules on the construction of trusts .... ” (emphasis added)). Accordingly, I respectfully dissent. Justice Baer joins this dissenting opinion.