### EAT'N PARK RESTAURANTS BUSINESS TRUST, Petitioner,

v.

### COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2002.

Decided July 22, 2002.

---

Charles L. Potter, Jr., Pittsburgh, for petitioner.

Michael A. Roman, Harrisburg, for respondent.

BEFORE: FRIEDMAN, J., LEADBETTER, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Eat 'n Park Restaurants Business Trust (Petitioner) petitions for review of an order of the Board of Finance and Revenue (Board) subjecting Petitioner to capital stock and franchise (capital stock) tax for the 1995 tax year. We reverse.

Based on a Stipulation of Facts entered into by the parties and the briefs of both parties, the following facts became evident: Currently, Petitioner is organized as a business trust and maintains its accounting records on a 52–53 week basis. The 52–53 week period at issue in this case began on December 27, 1994 and ended on December 25, 1995. Prior to 1993, Petitioner was organized as a corporation. In 1993, Petitioner reorganized into a business trust under 15 Pa.C.S. § 9501, *et seq.*, which allowed it to escape the imposition of capital stock tax. This avoidance of tax was

made possible because the definition of "domestic entity" in the Article VI (Capital Stock Franchise Tax), Section I (Valuation of Capital Stock) of the Tax Reform Code of 1971 (Code)[1] did not include business trusts. To close this tax loophole, the Legislature amended the definition of "domestic entity" to include business trusts by enacting Act 48 of 1994.[2] In addition, the Legislature provided in Section 43(1) of Act 48 that "[t]he amendment of sections 301, 401 and 601 of the act pertaining to business trusts and net loss deductions shall apply to all taxable years beginning on or after January 1, 1995." When Petitioner filed a tax return for capital stock tax for the 1995 tax year, it indicated that it did not owe any tax because the tax period began before January 1, 1995 and the Act 48 amendments only apply to tax years beginning after January 1, 1995. Thus, Petitioner contends that it would not be subject to capital stock tax until its 1996 fiscal year, which would begin on December 26, 1995.

■ On May 20, 1998, the Pennsylvania Department of Revenue (Revenue) settled the capital stock tax by increasing Petitioner's liability from $0 to $173,916.00 plus $1,989.00 in penalties. Petitioner filed a petition for resettlement with the Board of Appeals, which was denied. Petitioner appealed to the Board, which con-

cluded that, pursuant to 72 P.S. § 7401(3)(k) of the Code, Petitioner is deemed a calendar year taxpayer with an ending date of December 31 because its 52–53 week fiscal year ends during the last seven days of December. Thus, the Board denied resettlement because, by operation of statute, the tax year at issue began after January 1, 1995. This appeal followed.[3]

Petitioner raises the following issues for our review: 1) whether Section 7401(3)(k) of the Code applies to capital stock tax, 2) whether Petitioner is entitled to an abatement of penalties, 3) whether Petitioner would be deprived of its constitutional protections if Act 48 of 1998 applies and 4) if Petitioner is not subject to capital stock tax, is it entitled to an award of attorney's fees?[4]

■ Section 7401(3)(k), which is located in Article IV (Corporate Net Income Tax), Part I (Definitions) of the Code, provides that:

(k) A taxpayer reporting on a 52–53 week basis which closes its fiscal year on any of the last seven days in December or the first seven days of January is deemed a calendar year taxpayer with a year ending date of December 31.

Petitioner argues that Section 7401(3)(k) of the Code does not apply to capital stock tax because Section 7603 of the Code, lo-

---

1. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7601.

2. Act of June 16, 1994, No. 48, Section 13, P.L. 279.

3. "In appeals from decisions of the Board, we have the broadest scope of review because the Commonwealth Court functions as a trial court, even though such cases are heard in our appellate jurisdiction." *Shawnee Development, Inc. v. Commonwealth of Pennsylvania,* 764 A.2d 659, 660 (Pa.Cmwlth.2000).

Additionally, Pa. R.A.P. 1571(f) and (h) provide that the questions raised in the petition for review shall be determined on the record made before this Court and that the parties may enter into a Stipulation of Facts setting forth those facts that are agreed upon and any issues of fact which remain to be tried.

4. We will not address issues numbered 2 and 3, as it is not necessary after our findings regarding issue number 1.

cated in Article VI (Capital Stock), Part III (Procedure; Enforcement; Penalties), provides that:

> Parts III, IV, V, VI, and VII of Article IV are incorporated by reference into this article in so far as they are applicable to the tax imposed hereunder.

72 P.S. § 7603. Petitioner argues that since Part I of the Code, which is where Section 7401(3)(k) is located, is specifically left out of those sections which are incorporated by reference into Article VI, then Section 7401(3)(k) of the Code does not operate to change its fiscal year for the purposes of assessing capital stock tax.

Respondent argues that Section 7401(3)(k) of the Code does apply; that Petitioner is subject to capital stock tax for the 1995 tax year. However, in making this argument, Respondent does not address Section 7603 of the Code and its effect, if any, on whether Section 7401(3)(k) applies to the imposition of capital stock tax.

In support of their respective positions, both parties cite the case of *Allentown Wholesale Grocery Company v. Commonwealth of Pennsylvania*, 5 Pa.Cmwlth. 426, 291 A.2d 336 (1972), wherein the sole question before this Court was whether a 52–53 week accounting period constituted a fiscal year basis of accounting or a calendar year basis of accounting. The Commonwealth took the position that Allentown, whose tax year began on December 29, 1968 and ended on December 27, 1969, should be treated as a calendar year taxpayer and thus subject to the 1969 tax year's higher tax rates for capital stock tax and corporate net income (CNI) tax. In rejecting the Commonwealth's position, this Court stated that:

> *In the absence of a legislative definition clearly indicating otherwise*, we find the authorized 52–53 week accounting period to be a fiscal year basis of accounting and not a calendar year basis which is limited to beginning with January 1 and ending with December 31.

*Id.* at 338 (emphasis added). In reaching this decision, this Court relied on the rules of statutory construction:

> We are guided in analyzing the statutory provisions here applicable by certain well settled principles of statutory construction which were enunciated by Mr. Chief Justice (then Justice) Jones in *Commonwealth v. Rieck Investment Corporation*, 419 Pa. 52, 59, 60, 213 A.2d 277 (1965), '(a) that a taxing statute must be strictly construed and any doubt or uncertainty as to the imposition of a tax must be resolved in favor of the taxpayer; (b) even though a court may be convinced that the legislature intended to enact something different from that which it did, if the language of the statute is clear and unambiguous the statute must be given its plain and obvious meaning; (c) the "legislature must be intended to mean what it has plainly expressed.... It matters not, in such a case, what the consequences may be"; (d) it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include'. (Citations omitted).

*Id.* at 338 to 339.

Respondent asserts that, in the case *sub judice*, there is a "legislative definition clearly indicating otherwise", i.e. Section 7401(3)(k) of the Code. We disagree. First, Section 7401(3)(k) is located in Article IV of the Code addressing CNI tax, whereas the provisions for capital stock tax, which are at issue here, are located in Article VI of the Code. Second, and most importantly, there is no indication that the

Legislature intended a definition located in the Article IV addressing CNI tax to apply to capital stock tax in Article VI, as Section 7603, while incorporating several parts of Article IV into Article VI, fails to mention Part I, which is where Section 7401(3)(k) is located. Applying the rules of statutory construction to this case, it is clear to this Court that the Legislature did not intend Part I of Article IV to be incorporated into Article VI. Therefore, as Petitioner's tax year started before January 1, 1995, it would not be subject to capital stock tax for the 1995 tax year. Accordingly, the order of the Board in this regard is reversed and the settled Pennsylvania capital stock tax liability for 1995 is reduced to zero (–0–).

Petitioner also argues that it is entitled to an award of attorney's fees under 42 U.S.C. § 1983, as Respondent "acting under color of Commonwealth statutes and regulations, has deprived Eat'n Park of rights, privileges, and immunities secured by the United States Constitution." We disagree. It was not unreasonable for Respondent to take the position that the Legislature intended to correct the problem created by fiscal years ending close to the end of the calendar year in Article VI as well as Article IV of the Code. Therefore, Petitioner's request for attorney's fees is denied.

Judge LEADBETTER concurs in the result only.

### ORDER

AND NOW, July 22, 2002, the order of the Board of Finance and Revenue (Board) docketed at 9819449 and dated June 22, 1999 ordering Petitioner to pay capital stock tax for the 1995 tax year is hereby reversed. Exceptions may be filed within 30 days of the date of this order. Pa. R.A.P. 1571(i).