## Olyphant Borough School District, Appellant, *v.* American Surety Co. of New York.

Argued January 22, 1936. Before KEPHART, C. J., MAXEY, DREW, LINN and BARNES, JJ.

*Walter W. Harris,* of *O'Malley, Hill, Harris & Harris,* with him *Maurice V. Cummings,* for appellant.

*Paul G. Collins* and *M. J. Martin,* for appellee.

OPINION BY MR. JUSTICE BARNES, April 30, 1936:

This is an action in assumpsit on a tax collector's bond, upon which the defendant company was the surety. The case was tried before the court below without a jury. From a judgment entered in favor of the defendant, the plaintiff school district appealed.

The controversy grew out of a dispute involving the office of tax collector of the Borough of Olyphant, in Lackawanna County. From the findings of the learned trial judge the following facts appear: At the general election in November, 1929, John O'Connor was elected tax collector of the borough for a term of four years. O'Connor was convicted of embezzlement on November 21, 1930, but the court of quarter sessions suspended his sentence on condition that he resign his office. With this condition O'Connor promptly complied. Because of the necessity of immediate action in filling the vacancy thus created the same court handed down an order on the following day designating John Bosak borough tax collector, and requesting "that the different boards confirm his appointment by resolution and fix the amount of his bond." In accordance with this suggestion, the school board of Olyphant Borough, on November 25, 1930, appointed Bosak *school* tax collector for the remainder of the term for which O'Connor had been elected, and fixed his bond for the fiscal year 1930-1931 at $50,000. Bosak promptly furnished a bond (the one here involved) to the school district in the required amount, with the defendant company as surety.* He received the school tax

---

* The condition of the bond is as follows:

"Now, if the said John Bosak, Collector of Taxes, shall and will, well and truly, collect and pay over or account for, according to law, the whole amount of School Taxes charged and assessed in the

duplicate on December 1, 1930, and immediately entered upon his duties.

The borough council of Olyphant, however, rejected the appointment of Bosak and, by a resolution of December 3, 1930, appointed one Thomas J. Rogan *borough* tax collector. Rogan duly gave bond in an amount satisfactory to the borough council, but the court refused to approve his bond on the ground that it lacked a proper surety. On January 5, 1931, the court made an order, in response to a petition by a number of citizens and taxpayers, appointing John Bosak as *borough* tax collector. Subsequently the borough council repassed the resolution appointing Rogan, who for a second time gave bond. This bond the court also refused to approve, on the ground that there was now no vacancy in the office of borough tax collector.

Apparently to relieve the resulting confusion Rogan, on April 6, 1931, caused an action of quo warranto to be instituted against Bosak to test the title to the office of borough tax collector. He contended that the power of appointment to fill the vacancy in the office was vested only in the borough council. This action resulted on August 1, 1931, in a judgment of ouster against Bosak. From this decision no appeal was taken, and on the day after the judgment was entered Bosak returned the original tax duplicate to the school board, stating that he had been ousted from office as borough tax collector and therefore would no longer be able to collect any taxes. From that date Bosak ceased actively to collect taxes, although he continued to accept for remittance to the school district such taxes as were paid voluntarily to him. During this entire period while title to the office was in dispute, Rogan also was collecting school taxes against the 1930 duplicate.

---

duplicates which shall be delivered to him and faithfully discharge the duties appertaining to the office of Collector of Taxes according to law, then this obligation to be void, otherwise to be and remain in full force and virtue."

The total amount of the school taxes to be collected for 1930 as shown by the duplicate delivered to Bosak by the school board was $225,382.96. At the regular meeting of the school board on May 21, 1931, he presented a list of the uncollected real estate and personal taxes, showing $32,464.81 remaining unpaid. During the period of his active service as collector he collected and remitted to the school board $188,300. This amount, together with certain other abatements and exonerations allowed by the school board on June 1, 1931, and other collections and allowances thereafter made, entitled him to an admitted credit of $206,480.64. The deduction of this amount from the total of the tax duplicate delivered to him leaves a balance of $18,902.32, which is the sum plaintiff seeks to recover in this action.

It is not disputed that Bosak performed the duties of school tax collector with honesty and efficiency, and that he is guiltless of any defalcation. He remitted his collections to the plaintiff school district monthly, with proper statements showing the persons from whom the taxes were collected. But it is the contention of plaintiff that he was required, by statute, to settle and account in full for the total amount of taxes on the duplicate before June 1, 1931, and that his failure to do so constituted a default for which he and the defendant surety are liable.

This contention is predicated upon three sections of the School Code of May 18, 1911, P. L. 309. By section 559 every collector of school taxes is required to "account for and pay over . . . the total amount of school taxes appearing upon the tax duplicate furnished to him on or before the first day of June in each year" less certain exonerations and deductions. In addition, section 562 of the School Code requires the tax collector *to certify* to the school board before the first of June all unpaid school taxes levied upon real estate, while section 2817 requires him to accompany such certificates with an affidavit that after proper efforts he could not find

sufficient personal property out of which the taxes could be collected.

Under these provisions, it was Bosak's duty to make a full and complete return of the taxes assessed on the 1930 duplicate before June 1, 1931. This he failed to do, but it does not follow that he was in default. The condition of the bond was that Bosak would "collect and pay over or account for" the entire amount of the duplicate. On May 21, 1931, he presented to the school board an account showing which taxes remained unpaid; it is not pretended that this list constituted a compliance with the statutory requirements, but it does indicate that on June 1st, ten days later, he was still attempting to collect the outstanding taxes in an effort to prepare a final and complete account for presentation to the school board. As a matter of fact it was then impossible for Bosak to file a complete account, for the full amount of exonerations and abatements to be allowed had not yet been determined by the school board. This fact was shown at the trial when it was admitted that he was entitled to a credit for over seven thousand dollars of additional exonerations and abatements which were allowed by the school board after June 1, 1931. Bosak had only seven months, instead of the full twelve-months period contemplated by the statute, in which to make his collections. Moreover, the existence of a competing collector made it difficult, if not impossible, for him to compile an account showing accurately the state of tax collections. Under these unusual circumstances, Bosak is not to be deemed in default merely because he failed to file a complete account before the first day of June, 1931. The case rests upon its own peculiar facts.

The school district also contends that Bosak was in default on June 1, 1931, because he failed to comply with the requirements of sections 562 and 2817 of the School Code, relative to certifying to the school board the properties upon which taxes remained unpaid. It is argued that it is a prerequisite to the filing of valid tax liens

that the certificates of unpaid taxes on real estate required by the statute shall be given to the school board by the collector prior to June 1st, and that Bosak's failure to do this constituted a default in the performance of his duties for which his surety is answerable. This contention is wholly without merit. The sections referred to make no mention of any such condition precedent to the filing of tax liens, and there is no such requirement in the statute governing the filing of municipal liens and claims: Act of May 16, 1923, P. L. 207. There is no provision called to our attention either in the School Code or the Municipal Claims Act of 1923 which impairs the right of a school district to enter its liens on real estate where its tax collector has failed to make such certifications before the first of June. The construction urged by plaintiff finds no support in the acts mentioned. It is not for us, by interpretation, to add to the statute a requirement which the legislature did not see fit to include.

Finally, it is earnestly argued by plaintiff that Bosak was required to collect or account for *all* the school taxes on the 1930 duplicate in order to be released from the bond and to free the defendant surety from liability thereon. We cannot agree with this view. Bosak could not, in the interval between June 1st and August 1, 1931, file a final account since the school board itself failed to determine the total amount of exonerations and abatements of taxes. On August 1, 1931, he was ousted from office as borough tax collector. This judgment of ouster terminated his authority not only to collect the borough taxes but to collect school taxes as well. Upon this point we have said that it is the settled policy of the law to have school, borough, township and other local taxes collected by a single tax collector. We have held that a borough tax collector appointed by proper authority is entitled also to act as collector of school taxes: *Com. v. Duquesne Boro. School Dist.*, 256 Pa. 50; *Com. v. Blume*, 307 Pa. 406. In consequence, after August 1,

1931, the collector of taxes for the borough and the school district was Rogan, and Bosak was prevented by judicial order from making further efforts to complete the collection of school taxes. No liability can be imposed upon him or the surety upon his bond under the circumstances. It is a fundamental principle that where the performance of a contract is prevented, without fault on the part of the promisor, by a proper judicial order, the obligation to perform is discharged: *Restatement, Contracts,* section 458; see *Monaca Boro. v. M. & A. St. Ry. Co.,* 247 Pa. 242; *3 Williston, Contracts,* section 1939. From the moment that Bosak was prevented from acting as school tax collector, the only thing he had authority to do, and the only obligation remaining on the bond, was to account in full for all taxes which he actually had collected. It would appear that he has complied with this duty, but as to this the record is not entirely clear. Therefore, in affirming the judgment entered in defendant's favor it should be without prejudice to plaintiff's right to sue again should it be determined that Bosak has not accounted for all the taxes which he collected.

Judgment affirmed without prejudice.