## Westmoreland County Commissioners' Petition

*Vincent E. Williams,* for county commissioners.

*Rabe F. Marsh, Jr.,* for Atlantic Crushed Coke Company.

BAUER, J., April 8, 1949.—This case is before us on a case stated. Briefly, the facts are as follows: Pursuant to the Act of May 21, 1937, P. L. 787, as amended, 72 PS §5878a to d, the county commissioners accepted a written offer made by Atlantic Crushed Coke Company to purchase a tract of coal in Derry Township, Westmoreland County, Pa., underlying 167½ acres of land, for the agreed price of $8,017.87, which coal the commissioners had previously purchased at various treasurer's sales for delinquent taxes.

On February 3, 1948, a petition was duly presented to the court of common pleas wherein the commissioners requested the court's approval of their petition to sell the said property at private sale for $8,017.87 to the proposed purchaser. The petition set forth that the total amount of taxes, interest and costs which have accrued against the real estate up to the year 1946 was $26,168.38, together with such additional interest and penalties which may accrue or be charged after February 15, 1948, and that the taxes for the year 1947 were estimated to be in the sum of approximately $3,000.

At the hearing on this petition, the school directors and supervisors for Derry Township, through their

respective counsel, objected to the proposed sale at the agreed price of $8,017.87. Consequently, the sale at that price was not approved by the court and, with the approval of all parties, bids were taken in open court, and the property was knocked down by the court to Atlantic Crushed Coke Company for the sum of $10,250 and costs of the proceeding, this sum being the highest bid and that company being the highest bidder. Thereupon, the court ordered a conveyance to be made to the company by the commissioners upon receipt of the purchase price and costs, and by deed dated February 27, 1948, the commissioners conveyed to it the said property.

It appears from the agreed facts that after the petition to sell at private sale was prepared by counsel for the proposed purchaser, the commissioners objected thereto because the said petition included the delinquent taxes for the year 1947, which taxes had not yet been returned to the commissioners by the tax collectors of Derry Township. In order to eliminate this objection the proposed purchaser agreed to pay said taxes of 1947 in addition to the agreed purchase price of $8,017.87, "in the event that the court would approve of the proposed sale at the agreed price, but on condition that the amount of recoverable coal remaining in said tract would be ascertained by the commissioners, and reassessed accordingly, for the year 1948, and that said unpaid taxes for the year 1947 would be paid by the company on the reassessed valuation".

It further appears that the taxes for 1947 were returned on May 1, 1948, in the sum of $2,846.29, plus interest and penalty, and that in the month of August 1948 the commissioners caused the property to be reassessed and upon the reassessed valuation the taxes for the year 1947 amounted to $2,138.17 which sum, together with interest and penalty accrued to February 15, 1949, the county treasurer will accept in pay-

ment of the taxes, and which taxes the Atlantic Crushed Coke Company contends should be marked satisfied or otherwise cancelled and stricken from the record.

The company procured a rule upon the commissioners and the treasurer to show cause why the 1947 taxes should not be cancelled, and the case stated was presented to this court for adjudication.

We agree with the company's contentions. The Act of 1937, as amended, provides:

"After the period for redemption has passed, such municipality (the County here) may sell at private sale any real property purchased at tax sale . . . , and may, in effecting such sale, accept any sum less than the amount of all the taxes . . . penalties and interest due, subject to the approval of the court of common pleas . . . (Sec. 2). If, after such hearing, the court is satisfied that the proposed . . . private sale is proper and to the advantage of all the municipalities interested, it shall enter a decree approving such . . . private sale or such other settlement as the court may find to be proper, and directing a conveyance of such property to the person . . . with whom the agreement has been made, upon the payment of the agreement amount, or such amount as the court may approve, and all costs of the proceeding. . . . The title conveyed shall be free and clear of all tax and municipal liens, . . .": Sec. 4.

The petition prayed that the real estate be sold to Atlantic Crushed Coke Company, "by good and sufficient deed, free and clear of all tax and municipal liens, for the consideration or price of $8,017.87 cash upon delivery of the deed. . . ." The decree of the court approved the sale for the price of $10,250 instead of the agreed price of $8,017.87 and ordered the commissioners to make a deed to the Atlantic Crushed Coke Company for the remaining coal underlying 167½

acres of land in Derry Township; "the title conveyed to Atlantic Crushed Coke Company, a corporation, the purchaser, to be free and clear of all tax and municipal liens as provided by the Act of 1937. . . ." The commissioners' deed delivered by them to the company, recites that it was made "pursuant to and by authority of a decree of the Court of Common Pleas of Westmoreland County, Pennsylvania, made at No. 14 May Term, 1948, which decree and proceedings thereat are hereby referred to and made part hereof."

The commissioners, the school district, the supervisors, and the former owner, who was also present in court with her counsel, were on notice by reason of the petition then under consideration that the taxes for 1947 were unpaid in the sum of approximately $3,000. All of these parties were satisfied with the procedure in effecting this sale for $10,250, instead of the agreed price. No objections or exceptions were made then or now to the court in respect to the regularity of the petition and the procedure resulting in the sale. The deed was made and delivered to the proposed purchaser upon the payment of the amount which the court had approved.

The sole question for decision is: Was the property purchased free and clear of the unpaid taxes for 1947? Under the act of assembly, the petition, decree of court and the deed, it is clear that the property was conveyed free and clear of all tax liens, including the taxes for the year 1947. It is not denied that the taxes for the year 1947 were liens on the property when the petition was presented and the sale concluded in February 1948. The fact that these taxes had not then been returned as delinquent to the commissioners by the local tax collectors is immaterial.

The only possible reason that the treasurer and the commissioners have for not cancelling the unpaid

taxes for 1947 is because of the purchaser's verbal agreement to pay these taxes in addition to the agreed price of $8,017.87. But this agreement was made upon condition that the court would approve of the agreed price, and the court did not approve of same.

Of necessity, the commissioners could not perform their contract because of the objections of the township authorities and the interference of the court at the hearing. Any material default in performance by one party to a contract discharges the other party to the contract: A. L. I. Restatement of the Law of Contracts §274; Sisney v. Diffenderffer et al., 323 Pa. 337, 342. Where parties enter into a contract and one of the parties is willing to perform (here the company) but the performance of the other party is made impossible by the court, equity will declare the contract rescinded as a matter of law. Here the commissioners could not perform and sell the property as they agreed to do for $8,017.87, therefore, by operation of law, the contract of sale including the agreement of the company to pay the 1947 taxes was discharged: See Williston on Contracts, vol. 6, sec. 1939, and sec. 1972, revised ed.; A. L. I. Restatement of the Law of Contracts §458; Olyphant Borough School District v. American Surety Co. of New York, 322 Pa. 22, 29; Rooks v. Seaton, 1 Phila. 106.

The learned county solicitor contends that Atlantic Crushed Coke Company is estopped from asking that its property be freed from the tax liens of 1947 because of its verbal agreement to pay them. An essential element of estoppel is that the party claimed to be estopped must have acted in such a way as to cause the complaining party to change his position to his injury in reliance thereon: Atlantic Ref. Co. v. Wyoming Nat. Bank of Wilkes-Barre et al., 356 Pa. 226, 236.

If we understand the county's argument correctly, it concedes that a successful bidder, other than the

company, would have obtained title to the property free and clear of these tax liens. We believe this is true whether the amount of the taxes for 1947 were "included in the petition" or not. Certainly a stranger bidding for and purchasing this property under the Act of 1937 would secure title to the property "free and clear of all tax and municipal liens".

It is difficult to see how the county has been injured. Actually the agreed price plus the 1947 taxes, as reassessed, amounted to substantially the bid price. The sum of the agreed price of $8,017.87 and the 1947 taxes, as reassessed, of $2,138.17 is $10,156.04. The county suffered no loss in reliance on the verbal agreement, rather it is the company who would be prejudiced, if the agreement is enforced after it was required to bid an amount in excess of the agreed price in order to buy the property. To adopt the county's argument it would mean that the company, bidding in competition with others, would have to pay the taxes for 1947, as reassessed, in addition to its bid, whereas any amount bid by a stranger or the school district or the supervisors would not carry with it this extra burden. We are of the opinion that the principles of equitable estoppel are not to be construed to produce such an inequitable result and are not applicable to the agreed facts.

And now, to wit, April 8, 1949, after argument and after due and careful consideration, the rule granted in the foregoing matter is hereby made absolute and the county treasurer is directed to cancel or otherwise mark the taxes returned for the year 1947 against the tract of coal purchased by Atlantic Crushed Coke Company in this proceeding in such manner that the 1947 taxes shall not constitute a lien upon the property.