418 A.2d 438
**Stephan A. CHRISTIDES, M.D. and Barbara Christides, H/W**
**v.**
**Harold P. LITTLE and Stephan A. Christides, M.D.**
**Appeal of Harold P. LITTLE.**
Superior Court of Pennsylvania.
Argued June 11, 1979.
Filed Jan. 11, 1980.

James F. Guidera, Philadelphia, for appellant.

Garland D. Cherry, Media, for Stephan and Barbara Christides, appellees.

Eric A. Weiss, Media, did not submit a brief on behalf of Stephan A. Christides, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

Appellant, Defendant below, appeals a decision of the lower court, sitting without a jury, awarding Appellee $32,-000 as the result of injuries sustained by Appellee in an automobile accident. Appellant's sole contention on appeal is that the award is excessive in light of the actual injuries and losses sustained by Appellee [1].

On December 24, 1973, Appellee, while operating his automobile through an intersection in Upper Darby Township, Montgomery County, with a green light in his favor, was struck on the driver's side of his vehicle by Appellant, who had failed to stop at the red light controlling the street upon which he was operating his vehicle. At the moment of impact, Appellant's speed was estimated to have been approximately 40 miles per hour.

As the result of the collision, Appellee sustained fractures of five ribs, hemothorax and other internal injuries, resulting in his hospitalization for a period of six days. For a period of five years prior to the accident, Appellee suffered from a mild cardio-circulatory condition and was seen on four occasions during that period by a cardiologist. As a direct result of the trauma sustained in the instant accident, Appellee's pre-existing heart condition was severely aggravated, resulting in a second hospitalization for a period of five days during the month of April, 1975. In the period of five years following the accident, Appellee was treated by his cardiologist on sixteen occasions. Appellee's medical expenses occasioned by the accident were in the sum of $3,130.

---

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1. The lower court also awarded Appellee's wife, a co-plaintiff below, and a passenger in Appellee's automobile, the sum of $1,500 for personal injuries sustained by her. Appellant does not contest this aspect of the lower court's decision. Nor does Appellee, in his capacity as an additional Defendant below, appeal.

At the time of trial, Appellee, 63 years of age, was an orthopedic surgeon in active practice. As the result of his aggravated heart condition, Appellee has been unable to perform surgery since April, 1975 [2]. In addition, Appellee's general physical condition and level of activity have been permanently impaired and diminished. During the year immediately preceding the accident, Appellee's gross income was approximately $79,600.

For a period of approximately one month following the accident, Appellee was unable to practice his profession and had no income from any source. In the year following the accident, Appellee's gross income was again $78,600; the following year Appellee grossed $80,900, and during the year prior to trial, Appellee grossed $95,400. Appellee testified himself that prior to the accident he performed four or five operations weekly and that as the result of his inability to perform surgery during the years following the accident, he has "lost" approximately $20,000 in gross income annually. In order to replace income lost by his inability to perform surgery, Appellee has increased the number of orthopedic evaluations and examinations performed for insurance carriers.

Finally, the life and working life expectancy tables in evidence indicate that at the time of trial, Appellee's working life expectancy was 5½ years and his life expectancy was nearly 11 years.

Appellant himself offered no testimony and produced no witnesses. The testimony of Appellee and his wife, and his expert medical witness was virtually unrefuted. Neither party presented closing argument and at the conclusion of the trial, the court announced its decision awarding Appellee the sum of $32,000.

2. Appellee's cardiologist testified at trial that trauma suffered in the accident causes Appellee to in turn suffer from an incapacitating heart irregularity that causes him, when under stress, to nearly lose consciousness. In the words of the cardiologist, this condition "makes surgery imprudent" for Appellee's patients. R. 88a–89a.

Appellant grounds his contention that the award was excessive upon two bases: (1) the award is generally excessive as it finds no support in the evidence, and (2) the award is excessive specifically for the reason that Appellee's income in the year following the accident was greater than his income in the year preceding the accident, and has progressively increased each year thereafter.

*1.*

■ In assessing Appellant's contention that the decision of the court below awarding Appellee $32,000 was excessive as unsupported by the evidence, we first observe that the findings of a trial judge sitting without a jury, as here, are accorded the same weight as the verdict of a jury. *Idell v. Falcone*, 427 Pa. 472, 235 A.2d 394 (1967); *Florairt v. Kronenwetter*, 255 Pa.Super. 581, 389 A.2d 130 (1978). We also note, as we did in *Kravinsky v. Glover*, 263 Pa.Super. 8, 396 A.2d 1349, 1358 (1979), the teaching of our Supreme Court, as outlined in *Skoda v. West Penn Power Co.*, 411 Pa. 323, 338, 191 A.2d 822, 830 (1963):

"Appellate courts are properly reluctant to interfere with jury verdicts in personal injury cases, which verdicts are supported by the opinion and approval of the trial judge and the court en banc. *Roadman v. Bellone*, 379 Pa. 483, 108 A.2d 754 (1954). The granting or refusal of a new trial because of excessiveness is peculiarly within the discretion of the court below and we will not interfere, absent a clear abuse of discretion. *Hall v. George*, 403 Pa. 563, 170 A.2d 367 (1961). We will not hold that a verdict is excessive unless it is 'so grossly excessive as to shock our sense of justice.' *Kane v. Scranton Transit Co.*, 372 Pa. 496, 94 A.2d 560 (1963) . . . "

And see *Kravinsky v. Glover*, supra; *Hussey v. May Department Stores, Inc.*, 238 Pa.Super. 431, 357 A.2d 635 (1976); *Lambert v. P. B. I. Industries*, 244 Pa.Super. 118, 366 A.2d 944 (1976), and cases cited therein.

In *Robert v. Chodoff*, 259 Pa.Super. 332, 393 A.2d 853 (1978), we identified several factors relevant in determining whether a verdict is excessive:

" . . . (1) the severity of the injury, (2) whether plaintiff's injury is manifested by objective physical evidence instead of merely the subjective testimony of the plaintiff, (3) whether the injury will affect the plaintiff permanently, (4) whether the plaintiff can continue with his employment, (5) the size of the plaintiff's out-of-pocket expenses, and (6) the amount plaintiff demanded in the original complaint . . . " *Id.*, 259 Pa.Super. at 367, 393 A.2d at 871.

Our careful review of the trial record convinces us that Appellee's injuries were severe, resulting in his permanent incapacitation; that such injuries were manifested by objective evidence; that his ability to fully practice his profession as an orthopedic surgeon has been permanently and severely impaired; that his general lifestyle has been seriously altered; and that his ability to function as a relatively healthy human being has been permanently eroded. In these circumstances, we cannot say that an award in the sum of $32,000 is "so grossly excessive as to shock our sense of justice." *Skoda v. West Penn Power Co.*, supra. It only remains, then, to consider Appellant's final contention.

### 2.

As we have already observed, Appellant also contends that the single fact that Appellee has consistently increased his income since the accident is conclusive evidence that Appellee's earning capacity has not been diminished, and in the absence of reduced earning capacity, there is insufficient evidence to support an award of damages in the sum of $32,000. We disagree and observe that on at least four prior occasions, the Supreme Court of Pennsylvania has considered and rejected a similar argument.

In *DiChiacchio v. Rockcraft Stone Products Company*, 424 Pa. 77, 225 A.2d 913 (1967), for example, the court said succinctly:

" . . . the test is not exclusively a comparison of before–and–after figures, but a determination as to whether, because of the injuries, the injured man's economic horizon has been shortened. We so stated in *Boc-*

*har v. Martin Motors*, 374 Pa. 240, 97 A.2d 813 (1953): 'Has the economic horizon of the disabled person been shortened because of the injuries sustained as the result of the tortfeasor's negligence?' We said further: 'The defendants contend that there was no evidence of impairment of earning power and that the fact that Bochar's wages were higher after the accident than before proves no deterioration of earning ability. A tortfeasor is not entitled to a reduction in his financial responsibility because, through fortuitous circumstances or unusual application on the part of the injured person, the wages of the injured person following the accident are as high or even higher than they were prior to the accident. Parity of wages may show lack of impairment of earning power if it confirms other physical data that the injured person has completely recovered from his injuries. Standing alone, however, parity of wages is inconclusive.' " *Id.*, 424 Pa. at 82, 225 A.2d at 915.

And see *Holton v. Gibson*, 402 Pa. 37, 166 A.2d 4 (1960); *Bochar v. J. B. Martin Motors, Inc.*, supra; *Mazi v. McAnlis*, 365 Pa. 114, 74 A.2d 108 (1950).

Finally, this court, as recently as *Wright v. Engle*, 256 Pa.Super. 321, 389 A.2d 1144 (1978), rejected a similar contention. In *Wright*, the successful plaintiff returned to her employment following the accident and earned more than she had prior to the accident. Nevertheless, the trial court instructed the jury upon impairment of earning power and the jury returned an itemized verdict including an award for loss of earning power. Affirming the instruction of the trial court, we said:

" . . . the fact that Appellee returned to work and made more money than she had prior to the accident does not take the point of impairment of earning power from the jury. 'The consideration of loss of earning capacity is not solely the comparative amount of money earned before or after an injury. The true test is whether or not there is a loss of earning power, and of ability to earn money.' *Mazi v. McAnlis*, supra, 365 Pa. at 121, 74 A.2d at 112." *Id.*, 256 Pa.Super. at 326, 389 A.2d at 1147.

At bar, the unrefuted testimony of both Appellee and his cardiologist clearly establishes that since April, 1975, as a direct result of the accident, Appellee has been unable to practice surgery. The condition is permanent notwithstanding that Appellee has taken upon himself the task of performing additional orthopedic evaluations and examinations in an effort to replace the income lost by reason of his inability to perform surgery. In light of the cited authorities, an award that included as an element the impairment of earning power was clearly appropriate. The testimony at trial established that Appellee's loss of income as a result of his handicap approximated $20,000 annually. We will not disturb the decision of the trial court awarding Appellee the sum of $32,000.

The judgment of the lower court is affirmed.