466 A.2d 1022

**LaVerne R. MARTIN and George Martin, her husband, Appellees,**

v.

**Larry SOBLOTNEY, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1983.

Decided Oct. 25, 1983.

S. Asher Winikoff, Rosenberg, Kirshner, Kaleugher & Winikoff, Pittsburgh, for appellant.

Thomas J. Finarelli, Basil A. Disipio, Philadelphia, for amicus curiae, the Ins. Federation of Pa.

John F. Becker, Sikov & Love, Pittsburgh, for appellees.

James R. Ronca, Harrisburg, for amicus, Pa. Trial Lawyers.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

NIX, Justice.

The sole issue presented in this appeal is whether medical bills incurred by a plaintiff injured in an automobile collision are admissible as evidence to measure pain and suffering in an action brought exclusively to recover for non-economic detriment pursuant to section 301 of the Pennsylvania No-fault Motor Vehicle Insurance Act ("No-fault Act").[1] The Superior Court, reversing the Court of Common Pleas of Allegheny County, held that such evidence was admissible. Having considered this question, we conclude that medical expenditures are clearly irrelevant to the determination of pain and suffering and thus inadmissible for that purpose. Accordingly, we reverse the portion of the order of the Superior Court reversing the trial court and reinstate the trial court's order.[2]

### I.

The parties to this appeal were involved in a two-car collision on State Highway 51 in Elizabeth Borough, Allegheny County, on January 2, 1977. Appellees LaVerne R. and George Martin sustained personal injuries in the collision, which occurred when the vehicle operated by appellant Larry Soblotney crossed over onto the Martins' side of the road. The Martins subsequently filed a trespass action against Soblotney under section 301(a)(5) of the No-fault Act, 40 P.S. § 1009.301(a)(5), seeking recovery for non-economic detriment. During trial, counsel for the Martins sought to introduce into evidence medical bills incurred by George Martin as a result of the accident. The trial court excluded the bills, noting counsel's exception. At the conclusion of the trial, the trial court directed a verdict in favor

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq. (Supp.1983–84).

2. The remainder of the Superior Court's order affirmed the trial court's denial of appellee LaVerne Martin's motions for a new trial and judgment n.o.v. That affirmance has not been challenged on appeal.

of George Martin on the issue of liability. The jury awarded him damages in the amount of Five Thousand ($5,000) Dollars, but made no award to LaVerne Martin.

Following denial of their post-trial motions, both Martins appealed to the Superior Court. That court affirmed the judgment as to LaVerne Martin. *Martin v. Soblotney,* 296 Pa.Super. 145, 442 A.2d 700 (1982). As to George Martin, the Superior Court, concluding that the excluded medical bills were admissible to prove pain and suffering, reversed the order of the trial court denying his motion for a new trial, vacated the judgment in his favor and remanded for further proceedings. *Id.* This Court granted Soblotney's petition for allowance of appeal from that portion of the Superior Court's determination.

## II.

An understanding of the changes wrought by the No-fault Act upon the traditional automobile-related trespass action is crucial to our decision in this matter. Prior to the enactment of the No-fault Act, an individual injured in an automobile accident could maintain an action to recover both general damages, such as pain and suffering, and special damages, such as medical expenses, loss of wages or services and impairment of earning capacity. Medical bills were admissible at trial to prove an element of special damages, namely the expense of treating the injury, provided the plaintiff established that the charges were reasonable and the services necessary and related to the injuries for which recovery was sought. *See Piwoz v. Iannacone,* 406 Pa. 588, 178 A.2d 707 (1962).

The No-fault Act provided for a compulsory insurance system under which motor vehicle accident victims are compensated for economic losses on a first-party basis irrespective of fault. That Act abolished tort liability for economic losses arising from a motor vehicle accident to the extent that such damages were compensated by the No-fault insurer. *See* 40 P.S. § 1009.301(a) (Supp.1983–84). The cause of action for non-economic damages arising from a motor vehi-

cle accident was preserved only where one of four conditions was satisfied.[3] Here, the cause of action for non-economic damages was limited to a recovery for pain and suffering; the medical bills had been paid under the basic loss provisions of the No-fault Act. The issue to be decided, therefore, is whether the medical bills proffered on George Martin's behalf were in any way relevant to the jury's assessment of Mr. Martin's non-economic damages.

■ It is well established that the fundamental consideration in determining the admissibility of evidence is whether the proffered evidence is relevant to the fact sought to be proved. Evidence is relevant if it tends to make a fact at issue more or less probable. *See Gregg v. Fisher,* 377 Pa. 445, 105 A.2d 105 (1954); J. McCormick, Evidence § 185, at 437 (2d ed. 1972); Fed.R.Evid. 401. In the instant case Mr. Martin's medical bills were offered to establish the total amount of money he expended on medical treatment for his injuries on the theory that such figure would aid the jury in determining the amount to award him for pain and suffer-

3. Section 301(a)(5) provides:
   (5) A person remains liable for damages for non-economic detriment if the accident results in:
   (A) death or serious and permanent injury; or
   (B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750). For purposes of this subclause, the reasonable value of hospital room and board shall be the amount determined by the Department of Health to be the average daily rate charged for a semi-private hospital room and board computed from such charges by all hospitals in the Commonwealth; or
   (C) medically determinable physical or mental impairment which prevents the victim from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities and which continues for more than sixty consecutive days; or
   (D) injury which in whole or in part consists of cosmetic disfigurement which is permanent, irreparable and severe.
   40 P.S. § 7009.301(a)(5) (Supp.1983–84).

ing.[4]  Our inquiry, therefore, must focus on the evidentiary question as to whether the dollar amount of the medical services provided is probative of the degree and extent of Mr. Martin's pain and suffering.

■  It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury.  First, the mere dollar amount assigned to medical services masks the difference in severity between various types of injuries.  A very painful injury may be untreatable, or, on the other hand, may require simpler and less costly treatment than a less painful one.  The same disparity in treatment may exist between different but equally painful injuries.  Second, given identical injuries, the method or extent of treatment sought by the patient or prescribed by the physician may vary from patient to patient and from physician to physician.  Third, even where injury and treatment are identical, the reasonable value of that treatment may vary considerably depending upon the medical facility and community in which care is provided and the rates of physicians and other health care personnel involved.  Finally, even given identical injuries, treatment and cost, the fact remains that pain is subjective and varies from individual to individual.

Thus the fact that a particular amount of money was expended to treat an injury bears no logical correlation to the degree of pain and suffering which accompanied the injury to the plaintiff in question, forces the conclusion that such evidence possesses no probative value in a determination as to the appropriate monetary compensation to be awarded.  Evidence of the cost of medical services is therefore irrelevant and, consequently must be held to be inadmissible for that purpose.

4.  The record demonstrates the *fact* that medical services were provided and the nature and extent of the injuries and treatment were fully established by other evidence.  The bills were *not* offered for that purpose.

### III.

The Superior Court, in reaching a contrary conclusion, failed to squarely address the question of relevance. Instead that court filled the void in its analysis with legislative history and statutory interpretation. Although it correctly recognized that the language of the No-fault Act did not provide for the admissibility of evidence of medical bills, the Superior Court nonetheless proceeded to examine the legislative floor debates on the Act.[5] Its conclusion that the legislature "intended" evidence of economic loss to be admissible in actions to recover non-economic detriment is a *non sequitur.* Once it had been determined that the statute does not provide for the admissibility of such evidence, further attempts at statutory interpretation were obviously not warranted. "[I]t is not for us to legislate or by interpretation add to legislation, matters which the legislature saw fit not to include." *Commonwealth v. Rieck Investment Corp.,* 419 Pa. 52, 61, 213 A.2d 277, 282 (1965), *quoting Hochgertel v. Canada Dry Corp.,* 409 Pa. 610, 614, 187 A.2d 575 (1963); *see also Kusza v. Maximonis,* 363 Pa. 479, 70 A.2d 329 (1950); *Olyphant Borough School District v. American Surety Co.,* 322 Pa. 22, 184 A. 758 (1936). Thus the focus shifts from an attempt to ascertain legislative intention to a mere application of the traditional rules of evidence. Having concluded the proffered evidence was irrelevant, its inadmissibility is clear.

The Superior Court also reasoned that because the No-fault Act, which abolished tort liability except for serious

---

**5.** The cited debates indicate only that certain members of the House of Representatives favored the admissibility of evidence of economic detriment in an action to recover non-economic losses, and believed that, if a provision of the proposed No-fault Act explicitly precluding the pleading and proof of such evidence were deleted, that evidence would be admissible under existing law. *See* 1974 Pa.Legis.J.–House 4747–4764. This Court has consistently held that views expressed by members of the House and Senate in consideration of legislation may not be relied upon in ascertaining the legislative intent of the enactment as finally passed. *See, e.g., Commonwealth v. Alcoa Properties, Inc.* 440 Pa. 42, 269 A.2d 748 (1970); *Philadelphia v. Depuy,* 431 Pa. 276, 244 A.2d 741 (1968); *Martin Estate,* 365 Pa. 280, 74 A.2d 120 (1950).

injuries, preserves tort liability where the injured party has expended in excess of $750 (Seven Hundred Fifty Dollars) for medical services, that monetary threshold reflects "an express legislative determination that the value of such services is probative of the severity of injuries." *Martin v. Soblotney, supra* 296 Pa.Super. at 158, 442 A.2d at 706. Based upon this thesis, that court argued that evidence of medical expenses should be deemed relevant and admissible to prove pain and suffering. Again, this is a *non sequitur.* As we have shown, proper analysis clearly demonstrates that such evidence is irrelevant. The legislature's decision to prescribe a monetary threshold for determining the availability of a cause of action under the No-fault Act in no way implies the existence of a reliable correlation between dollars and pain and suffering in a particular case. The legislative judgment to use a particular dollar amount for medical services as a triggering device for the cause of action does not force the conclusion of the relevancy of the cost of medical services on the question of the appropriate assessment of damages.

The Superior Court also drew support for its ruling from the argument that, since attorneys, claims adjusters and trial judges have employed the cost of medical expenses in settling personal injury cases, and since appellate courts have considered medical expenses in determining the appropriateness of verdicts in such cases, the same information should be available to a jury charged with the function of making an award for pain and suffering. This argument, too, is untenable. The fact that a factor has been frequently used in a rule of thumb does not necessarily establish its legitimacy. To the contrary, mathematical formulas which rely on a multiple of medical costs in computing settlements are in fact arbitrary and do not purport to gauge *actual* pain and suffering. Such practice was justified by expedience rather than its inherent legitimacy.[6] With the progress of

6. In the appellate decisions cited to support this argument it is of significance that the claim for recovery included both general and special damages. *See e.g., Fretts v. Pavetti,* 282 Pa.Super. 166, 422 A.2d 881 (1980); *Murphy v. Penn Fruit Co.,* 274 Pa.Super. 427, 418

modern medical science there is every reason to believe that a factor, even as subjective as pain and suffering, can be reasonably determined without resort to such crude approximations.

Finally, the Superior Court theorized that evidence of medical expenses must be admitted in order for the trial court to determine whether it has subject matter jurisdiction of a suit in which satisfaction of the monetary threshold requirement is placed in dispute. This issue is not presented by the case before us, and, in any event has no bearing on the question of the admissibility of evidence to show pain and suffering. Moreover, in the hypothetical situation posited by the Superior Court, the question is not one of jurisdiction, *i.e.,* the court's power to adjudicate, but of the plaintiff's right to maintain an action for damages. *See, e.g., In re Jones & Laughlin Steel Corp.,* 488 Pa. 524, 412 A.2d 1099 (1980).

## IV.

For all of the foregoing reasons, we conclude that medical bills are inadmissible in a No-fault action to establish non-economic loss for pain and suffering.[7] Accordingly, the Order of the Superior Court vacating the Order of the Court of Common Pleas is reversed and the Order of the Court of Common Pleas is reinstated.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I disagree that evidence of medical expenses is inadmissible to measure damages for pain and suffering. Accordingly, I dissent.

A.2d 480 (1980); *Defulvio v. Holst,* 272 Pa.Super. 221, 414 A.2d 1087 (1979); *Kravinsky v. Glover,* 263 Pa.Super. 8, 396 A.2d 1349 (1979); *Wright v. Engle,* 256 Pa.Super. 321, 389 A.2d 1144 (1978); *Kemp v. Philadelphia Transportation Co.,* 239 Pa.Super. 379, 361 A.2d 362 (1976).

**7.** This holding is, of course, intended to apply only to trial rulings made on or after the date of this Opinion.

As the Superior Court aptly noted in this case, medical expenses are routinely considered by both attorneys and insurance companies in negotiating settlements. *Martin v. Soblotney,* 296 Pa.Super. 145, 442 A.2d 700, 708 (1982). In addition, appellate courts routinely look at medical expenses as a factor in determining whether the non-economic portion of a damage award is appropriate. *See, e.g., Murphy v. Penn Fruit Company,* 274 Pa.Super. 427, 418 A.2d 480 (1980); *Fretts v. Pavetti,* 282 Pa.Super. 166, 422 A.2d 881 (1980).

It makes no sense, therefore, to deny this evidence to the jury which has a duty to use its common sense and collective judgment to arrive at a measure of damages for pain and suffering—damages which attorneys, insurance companies and appellate courts evaluate, at least in part, in terms of actual medical expenses.

I would hold that it was error for the trial court to refuse to admit this evidence as proof of non-economic detriment under the No-Fault Act, and I would affirm the order of the Superior Court.