### Brownlee v. Bailey

*Elliot M. Drexler,* for plaintiff.
*James C. Bowen,* for defendant.

KELTON, *J.,* June 18, 1984—Plaintiff has appealed to the Superior Court from our entry of judgment on the verdict following denial of his motion for new trial.

In this automobile accident case arising under the comparative negligence act[1] and the third party liability provisions of the No-fault Act[2], the sole post-trial issue was whether we erred in refusing to charge the jury that the first $15,000 of any loss of earnings award ". . . is to be deducted by the jury since plaintiff is eligible for reimbursement in terms of work loss from his No-fault insurance carrier." We believe that the refusal to so charge was not error.

The accident occurred on April 28, 1980 at the intersection of County Line Road and Henry Avenue, Warminster Township, Bucks County, Pa. At the time of collision with defendant's vehicle, plaintiff was driving a fuel-oil truck owned by his employer. Upon impact plaintiff struck his head and arm in the truck's compartment and sustained various

1. See 42 Pa. C.S. §7102 (a)
2. Act of July 19, 1984 P. L. 489, 40 P.S. §1009.301 (Supp. 1983-84)

sprains and bruises to his body. There was evidence to permit the jury to conclude that as a result of the accident, plaintiff now suffers from injury to his left upper arm, is unable to continue his former work as a fuel truck driver and has been forced to seek alternate employment of a lighter nature at a lower rate of pay.

The jury determined: that defendant's causal comparative negligence was 75 percent and that plaintiff's was 25 percent; that plaintiff's total past and future loss of earnings, prior to reduction for plaintiff's negligence was $15,000; and that the amount of damages for pain and suffering (non-economic detriment), prior to reduction, was $3,000.

We then molded the verdict by making a deduction of $15,000 for work-loss benefits[3] which plaintiff was eligible to receive from his primary insurance carrier (hereafter called PIP coverage), thus holding that plaintiff should receive nothing for past and future loss of earnings from the instant defendant. Adjusting the jury's $3,000 pain and suffering award for plaintiff's 25 percent causal negligence, we entered a molded verdict of $2,250 as plaintiff's total damage in the third party action.

Plaintiff argues that we erred in refusing his 12th point for charge which read:

"The jury is instructed that no award is to be made for medical expenses and of the award for lost earnings, the first $15,000 is to be deducted by the jury since plaintiff is eligible for reimbursement in terms of work loss from his No-fault insurance carrier."

We responded to counsel in the absence of the jury as follows:

---

3. 40 P.S. §1009.103, §1019,202 (b) (2), §1009.301 (a) (4)

"On that point, I plan to submit to the jury the entire loss of past and future earnings, if any, and on the receipt of the jury's verdict, in the event the jury verdict is in excess of $15,000, the court would mold the lost earnings portion of the verdict as set forth under paragraph 4 (a) of the verdict sheet; to reduce the verdict determined by the jury by the $15,000 amount."

We then instructed the jury to compensate plaintiff completely "for all damages which he has sustained in the past, as well as for any damages which he would sustain in the future as a result of the accident," then instructed fully on the manner of computing both past and future loss of earnings or earning capacity and to award ". . . the difference between what he could have or would have earned had he not been disabled and the amounts that he did earn and will probably earn in the future during this period of disability."

We then concluded:

"In determining the amount, you may consider this type of work which the plaintiff has done. You'll recall the testimony about working on the oil truck; the type of work which, in view of his physical condition, education, experience, and age, he would have been doing and will be doing in the future; and then consider the testimony that you heard and weigh and evaluate that as to what you believe he can do in the future, and the extent and duration of the plaintiff's injuries. You should consider that also, together with any other matters which you deem reasonably relevant and arising out of the evidence."

Plaintiff contends that the instruction to consider "any other matters which you deem reasonably relevant" requires that the court should have informed the jury that plaintiff is reimbursed up to $15,000 in

PIP work-loss benefits by his own carrier. He argues that failure to do this results in the plaintiff being penalized by receiving a verdict which is less than that initially awarded by the jury.

We disagree.

While we can locate no precise appellate authority compelling a particular manner of instructing a jury as to the manner of deducting PIP wage loss payments from third party verdicts, we have dealt with a similar issue as to the molding of damages awards in an earlier opinion, McCord v. Hanley, 24 D.&C. 3d 38 (1982).

In McCord, we held that the molding of the verdict was for the court and that the jury need not be involved.

In a somewhat analogous situation, in Martin v. Soblotney, 502 Pa. 418, 466 A. 2d 1022 (1983), reversing 296 Pa. Super. 145, 442 A. 2d 700 (1982), our Supreme Court now holds that the specific dollar amount of medical expenses paid under PIP has no probative value in determining the extent of plaintiff's noneconomic detriment damages in a third party action. As a result, the PIP medical bills incurred by plaintiff were held to be inadmissible in a third party negligence action to show the extent of pain and suffering.

Plaintiff relies on Troutman v. Tabb, 285 Pa. Super. 353, 427 A.2d 673 (1981). There the trial judge specifically instructed the jury to deduct the first $15,000 of any award for lost earnings. A three judge Superior Court panel (with two judges concurring in the result) affirmed a judgment for defendant holding that it need not disturb a jury's verdict of no recovery for an injured passenger, but the opinion of the court by Judge Van der Voort did not consider whether other instructions would also have been proper.

We do not believe that the Troutman court's holding compels us to tell the jury about potential PIP recoveries for wage loss. Instead, we believe that it is usually preferable to have the jury concentrate on the lost earning capacity itself and to reserve to the trial judge any final mathematical adjustments which are required by the complex interplay between PIP work loss claims, no fault claims against third parties for loss of income and potential claim on workmen's compensation. See for example Dubs v. Reed, 95 York L. R. 113, 115 (1982); D. Shrager, The Pennslvania No-fault Motor Vehicle Insurance Act, §3:10: and Pa. SSJI (Civil) §6.01 and comment thereto,[4] all of which suggest the procedure followed here.

In Pennsylvania it has long been held that there should be no reference to insurance coverage or the depth of a defendant's pocket where the effect is to divert the jury from the issues before it. See, e.g., Trimble v. Merloe, 413 Pa. 408, 194 A.2d 454 (1964). Similarly, trial courts have been admonished not to mention the income tax consequences of a verdict either in argument or jury instructions. Gradel v. Inouye, 491 Pa. 534, 421 A.2d 674 (1980), reversing 252 Pa. Super. 392, 381 A.2d 975 (1977).

---

4. SSJI (Civil) comment reads in part:

It is the committee's opinion that no modification of the present damage instructions is necessary as a result of the act. In a case where defendant's liability for damages exists only for the excess over the basic loss benefits the court will enter judgment by subtracting these amounts from the jury's award of damages. This procedure will however require the jury to itemize the damage award under each instruction and enter a separate amount for each rather than returning a lump sum as now provided in Instruction 6.01 (C)."

Whoever actually pays for the past and future loss of earnings is not relevant. We find no benefit in further confusing or distracting the jury with insurance or source of payment calculations when these matters can more easily be handled by the court when it molds the verdict. Compare for example Vespaziani v. Insana, 501 Pa. 612, 462 A.2d 669 (1983) reversing 293 Pa. Super. 117, 437 A.2d 1234 (1981). That case illustrates some of the difficulties which might ensue if a jury were required to wrestle with the issues as to the sources of payment for lost wages, particularly where PIP wage claims, workmen's compensation claims and third party wage loss claims may all be involved.

Learned scholars on the appellate courts have had a difficult enough time in untangling these issues. We see no useful purpose in adding these complexities to the jurors' deliberations.

For the foregoing reasons we entered our order.